**In the Matter of PENNSYLVANIA TIRE & RUBBER COMPANY OF MISSISSIPPI, INC., Debtor.**

**Bankruptcy No. 679–01239.**

United States Bankruptcy Court, N. D. Ohio.

Oct. 28, 1980. ·

See also 19 B.R. 125.

Richard L. Phillips, Benesch, Friedlander, Coplan & Aronoff, and Howard L. Sokolsky, Nadler, Sokolsky, Bahas & Balantzow Co., L.P.A., Cleveland, Ohio, for applicant (for the Creditors' Committee).

John R. Lee, Securities & Exchange Commission, Chicago, Ill., for the Securities & Exchange Commission.

Joseph Patchan and Susan B. Collins, Baker & Hostetler, Cleveland, Ohio, for debtor and debtor in possession.

Richard A. Princic, Day, Ketterer, Raley, Wright & Rybolt, Canton, Ohio, for Equitable Life Assur. Soc. and Aetna Life Ins. Co.

MEMORANDUM OPINION AND ORDER

JAMES H. WILLIAMS, Bankruptcy Judge.

Presented is an application for interim compensation and reimbursement for expenses by attorneys for the Creditors' Committee of the within debtor. Said application is filed, of course, pursuant to 11 U.S.C. § 331 which provides that:

> any professional person employed under section * * * 1103 (which is the case here) of this title may apply to the court ·not more than once every 120 days after an order for relief in a case under this title * * * for such compensation for services rendered before the date of such application or reimbursement for expenses incurred before such date as is provided under section 330 of this title.

The application came on for hearing upon notice to, among others, counsel for the debtor and debtor in possession, counsel for the Securities and Exchange Commission and counsel for two large secured creditors, the Equitable Life Assurance Society of the United States and the Aetna Life Insurance Company, all of whom appeared and were heard at said hearing.

The application includes charges beginning October 3, 1979 through July 31, 1980 and it shows a total of 710 hours for which hourly rates ranging from $45.00 per hour to $125.00 per hour are asserted, depending upon the lawyer involved. The total amount of compensation sought is $82,410.00. Additionally, the sum of $1,454.25 is requested in reimbursement for expenses.

There being no objection to that portion of the application dealing with reimbursement for expenses, and the same appearing to be reasonable, the sum sought should be paid forthwith.

Neither is there serious objection to the general proposition that counsel are entitled

to at least partial compensation for their services rendered during the period in question. The difference of opinion arises over applicants' assertion that they are entitled to the full amount sought, their construction of § 331 being that so long as the criteria of § 330 are met, full payment for actual, necessary services rendered should be made upon application properly filed.

██ The court disagrees with this approach and instead, adopts that discussed in 2 *Collier on Bankruptcy*, 15th Ed., para. 331.03, pg. 331–7:

Alternatively, interim compensation may be a payment on account of an ultimate final allowance. The Code appears to leave this alternative available to an applicant who may desire consideration of the ultimate results achieved, e.g., the attorney for the debtor or the trustee. It is only at the conclusion of the case that a determination of the full value of the services performed by the particular professional or fiduciary can be made, since only then is a thorough analysis by the court of the various relevant factors set forth in section 330 possible. Nor, for that matter, would it be proper to allow interim compensation merely by taking a percentage of some hypothetical final award. Interim allowances are always subject to the court's re-examination and adjustment during the course of the case, and all expenses of administration must receive the court's final scrutiny and approval.

██ The court is not willing to relinquish its right to review the case at its conclusion and take into account, in awarding compensation, not simply the time spent, but the nature and quality of services rendered as well, which determinations can only be made, it would seem, with knowledge of the results obtained. Indeed, *Collier, supra*, para. 330.05[2] seems to support such a conclusion and quotes with approval the following statement from Herzog, *Fees and Allowances in Bankruptcy*, 36 Conn.B.J. 374, 381 (1962):

The *sine qua non* of the allowance is the benefit the bankrupt's estate and its creditors have derived from the services.

No reason is apparent why that proposition would not be equally applicable in the consideration of either interim or final awards of compensation.

Having considered the application, the arguments made in open court and the briefs submitted by the Securities and Exchange Commission and the applicants, and without prejudice to the determination on final hearing of the amount and propriety of the allowance, it is hereby ORDERED that the joint applicants, Richard L. Phillips, Esq., of the law firm of Benesch, Friedlander, Coplan & Aronoff and Howard L. Sokolsky, Esq. of the law firm of Nadler, Sokolsky, Bahas & Balantzow Co., L.P.A. be awarded the sum of $1,454.25 in reimbursement for their expenses as aforesaid and the sum of $50,000.00 as and for interim compensation for their services rendered on behalf of the Creditors' Committee in the within case.