**In the Matter of ROBIN INDUSTRIES, INC. d/b/a Embry Office Supply & Printing Co., Debtor.**

**Bankruptcy No. 81–01674A.**

United States Bankruptcy Court,
N. D. Georgia,
Atlanta Division.

Jan. 12, 1982.

---

**6.** Edward is an individual with regular income.

Gus Small and Thomas Stamps, Small & Stamps, Atlanta, Ga., for debtor.

### ORDER

HUGH ROBINSON, Bankruptcy Judge.

This is before us on application by attorneys for the debtor-in-possession for interim compensation. A hearing was held and after a consideration of the testimony at the hearing and the exhibits accompanying the application, it is the decision of this Court to approve the amount of the compensation sought as reasonable for the services performed. For the reasons expressed in the following discussion, disbursement will be delayed until all administrative claims are determined and the Court ascertains whether or not a proration among administrative claims is required.

### APPLICABLE LAW

11 U.S.C. § 331. Interim Compensation.

The relevant section of the Bankruptcy Reform Act states as follows: "A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 331 of this title. After notice and a hearing, the court may allow and disburse to such applicant such compensation or reimbursement."

### DISCUSSION

The Bankruptcy Act contained no provision which authorized interim allowances of compensation or reimbursement of expenses for trustees, receivers, attorneys or other professionals. Rather, the concept of allowing interim compensation evolved as judicially created law. It was intended to alleviate economic hardship incurred by court appointed officers who might otherwise have been required to support extended arrangements without any allowances of compensation or reimbursement of expenses. Collier, 15th Ed. Vol. 2 ¶ 331.01 p. 331–1 (1981).

To make clear that the judicially developed concept of interim compensation was to be carried through into proceedings under the new Bankruptcy Code, Congress expressly provided for it in 11 U.S.C.A. § 331. As both the House and Senate Reports on the new Bankruptcy Code indicate, "The only effect of this section is to remove any doubt that officers of the estate may apply for, and the court may approve, compensation and reimbursement during the case, instead of being required to wait until the end of the case, which in some instances, may be years. The practice of interim compensation is followed in some courts today, but has been subject to some question. This section explicitly authorizes it." H.R.Rep.No. 595 95th Cong. 1st Sess. 330 (1977); S.Rep.No. 989, 15th Cong. 2nd Sess. 42 (1978) U.S.Code Cong. & Admin.News 1978, p. 5787. It is clear to this Court from our reading of the statute and our consideration of the legislative commentary surrounding the statute that Congress intended to end any doubt that the use of interim compensation was proper and discretionary with the Court.

While there is no suggested limitation of § 331 to reorganization cases, we note that the idea of interim compensation was developed chiefly in reorganization cases, where administration could be drawn out and leave professional persons involved in the case without hope of any compensation until the time for distribution in the case arose, sometimes years later. See Collier, 15th Ed. Vol. 2, ¶ 331.01 p. 331–2 (1981). Thus the concept of interim compensation developed as a means to "alleviate economic hardship and ensure the competent and efficient administration of the Chapter X estate". *In re Interstate Stores, Inc.,* 437 F.Supp. 14, 16 (S.D.N.Y.1977). As the Court said *In re McGann,* 188 F.2d 110, 112 (3 C.A. 1951): "Whether interim allowances are justified must, of course, depend on the circumstances of each case. If the duties performed by the trustee and his counsel are not substantial, interim allowances are not warranted. Where, however, a trustee or his counsel, regularly devotes a portion of his time, either daily or weekly, to the administration of the estate interim allowances may very well be necessary."

The case at hand is similar to the *McGann* case, in that both involve applications for compensation in cases where the principal activity in the case is the Prosecution of an action the outcome of which will have direct and significant impact on the success of the reorganization.

There are other important factors to consider in the present case. Since without the success of the pending litigation in this case there may not be sufficient funds in the estate to pay all administrative expenses, the payment of interim compensation would serve to allow the applicants here to receive full payment when they may not be so entitled. "When there are inadequate funds in an estate to pay the holders of claims of a particular class in full, the claims are paid pro rata. 11 U.S.C. § 726(b)" *In re Williams,* 10 B.R. 381 (B.C. N.D.Ga.1981). See also *In re Programmed Closing Systems, Inc.,* B. No. 81–02157A, (B.C.N.D.Ga. December 3, 1981). In this case the Court notes that at least one other administrative claim is to be considered.

Applications for interim compensation are to be decided on a case by case basis, considering factors such as the probable length of administration, the amount of time a professional spends on the particular case (is he involved heavily in the case, or is it only one of many ongoing projects for him) and the presence of sufficient funds in the estate to allow interim compensation without jeopardizing claims of equal priority held by others. In this case it does not appear that applicants are working on this one case to the exclusion of other business (See Application for Interim Compensation as Attorneys for Debtor-in-Possession, Exhibit "C", Para. 5) and there appears to be a substantial likelihood that funds in the estate may be insufficient to pay administrative expenses in full. Thus we feel an award of interim compensation would not be appropriate in this case at this time.

For the above reasons, it is ORDERED that the application by attorneys for the debtor-in-possession for compensation be approved in the amount of $2,585.00 plus expenses of $110.30. Further

ORDERED that disbursement of this compensation shall await determination of all administrative claims and the Court ascertains whether or not a proration among administrative claims is required.