**In re Dennis LEEK, Rita Leek, d/b/a Gem Surveying, d/b/a C & D Blueprinting, Debtors.**

**Bankruptcy No. 90–9112–8P1.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

June 28, 1991.

ed by the Motion can be briefly summarized as follows.

In September, 1990 the Debtors filed a Petition for Relief under Chapter 11 of the Bankruptcy Code which they amended in October, 1990. The Petition was filed on behalf of the Debtors by Ms. Acevedo, who actually signed the Petition as attorney of record for the Debtors. The Disclosure of Compensation filed pursuant to § 329 and Bankrutcy Rule 2017 of the Bankruptcy Code, indicates that she received a retainer in the amount of $4,500. In January, 1991 Ms. Acevedo filed a Motion and sought an Order authorizing her to withdraw as counsel of record for the Debtors. The Motion was heard in due course and this Court granted the Motion on a proviso, however, that Ms. Acevedo file with the Court a detailed schedule of services rendered by her to justify the $4,500 retainer she received from the Debtors. Pursuant to the Court Order, Ms. Acevedo filed the schedule ordered by the Court in which she states that she spent 61.20 hours on behalf of these Debtors and that she and the law firm of David E. Olson earned fees in the total amount of $7,087.50. Thus, she seeks an additional $2,587.50 to be charged as cost of administration. After Ms. Acevedo was authorized to withdraw the Debtors filed an application to retain new counsel. The application was granted and the Debtors retained the law firm of Straske, Farfante & Trupp.

As noted earlier, the matter under consideration is a Motion filed by new counsel, the law firm of Straske, Farfante & Trupp (sic), is based on § 328 and § 329 of the Bankruptcy Code. The difficulty with the Motion is that it really did not seek any affirmative relief but merely requested a hearing and "reexamination of Ms. Acevedo's relationship with the Debtors." Thus, the Debtors do not seek a forfeiture of fees paid to Ms. Acevedo or in the alternative a reduction of fees paid to her by the Debtors. However, a fair reading of the Motion leaves no doubt that what the Debtors really seek, albeit the request is not very well articulated, is an Order, which would either reduce or possible forfeit all fees paid by

Raymond C. Farfante, Jr., Tampa, Fla., for debtors.

Lee Ellen Acevedo, Tampa, Fla., Former Atty., for debtors.

Sara L. Kistler, Tampa, Fla., Asst. U.S. Trustee.

## ORDER ON MOTION TO REEXAMINE FEES

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 11 case and the matter under consideration is a Motion filed by counsel for Dennis Leek and Rita Leek (Debtors) who seek reexamination of fees paid by the Debtors to Lee Ellen Acevedo (Ms. Acevedo), the Debtors' former attorney. The facts relevant to the issues stat-

the Debtors to Ms. Acevedo on the following grounds as set forth in the Motion which are as follows:

First, it is contended that Ms. Acevedo was never authorized by this Court to represent these Debtors; second, Ms. Acevedo had a conflict of interest because the law firm with which she is associated represented one of the major creditors of these Debtors; third, Ms. Acevedo was negligent in her representation of the Debtors, having failed to appear at hearings and failed to file the necessary documents and generally failed to live up to the standard of competency required by any attorney representing Debtors in a Chapter .11 case. The Motion also intimates certain improper conduct by the law firm of Ms. Acevedo all of which is irrelevant to the matter under consideration.

The Motion under consideration, is filed pursuant to § 329 of the Code which provides pertinent parts as follows:

**§ 329. Debtor's transactions with attorneys.**

(a) Any attorney representing a debtor in a case under this title, ... shall file with the court a statement of the compensation paid or agreed to be paid, ... and the source of such compensation.

(b) If such compensation exceeds the reasonable value of any such services, the court may cancel any such agreement, or order of any such payment, to the extent excessive, to—

(1) the estate if the property transferred—

(A) would have been property of the estate; or

(B) was to be paid by or on behalf of the debtor under a plan under chapter 11, 12, or 13 of this title.

Of course, the initial inquiry must be addressed to the charge that Ms. Acevedo had a conflict and therefore, it would be appropriate to order a total forfeiture of all funds paid by the Debtors to Ms. Acevedo. *In re Georgetown of Kettering, Ltd.,* 750 F.2d 536, 540–41 (6th Cir.1984); *In re Cody,* 122 B.R. 520 (Bankr.N.D.Oh.1990).

■■■ Prior to the filing of the Petition, the representation of the Debtors by Ms. Acevedo is governed by the Rules Regulating the Florida Bar. Section 4–1.7 of the Rules Regulating the Florida Bar as follows:

**4–1.7 Conflict of interest; general rule**

(a) A lawyer shall not represent a client if the representation of that client will be directly adverse to the interests of another client, unless:

(1) The lawyer reasonably believes the representation will not adversely affect the lawyer's responsibilities to and relationship with the other client; and

(2) Each client consents after consultation.

It is without dispute that the law firm of Ms. Acevedo represented a major creditor of the Debtors and they consented to the representation by the law firm of the creditor. Therefore, this Court is satisfied that Ms. Acevedo may retain any fees paid to her before the Debtors' Petition was filed and only to the extent the amount involved is reasonable considering the services rendered. According to the Itemized Accounting of Attorney's Time, this Court is satisfied that $1,500.00 is the reasonable amount for services rendered prior to the commencement of this case.

■■■ This leaves the consideration of the question what amount of fees is Ms. Acevedo permitted to retain for services rendered to the Debtors after commencement of this case. The representation of Debtor–In–Possession is governed under § 327 of the Bankruptcy Code which deals with employment of professional persons. It is without peradventure that a Debtor–In–Possession may not employ a professional except pursuant to the express authorization by the Court. *In re Garland,* 8 B.R. 826, 828 (Bankr.D.Mass.1981); *In re Vermont Real Estate Investment Trust,* 26 B.R. 905, 907 (Bankr.D.Vt.1983). This record is clear that Ms. Acevedo was never authorized to represent these Debtors. For this reason none of the services rendered to these Debtors, regardless of the quality of the services rendered, can be compensated. Therefore, the portion of the fee received

by her which relates to these services cannot be recognized and allowed.

■ It further appears from the record that Ms. Acevedo received $1500 from these Debtors for services allegedly rendered by her to Global Engineering & Mapping Co., Inc. (Global), a corporation in which these Debtors were owners of 50% of the outstanding stock. There is no question that the source of this money was the funds of the Debtor-in-Possession and not the funds of Global. The services rendered to Global included preparing and filing a Petition on behalf of this corporation under Chapter 7 of the Bankruptcy Code. It is clear that it was totally impermissible for a Debtor–In–Possession to pay attorney fees for representing another entity, even though such entity might have been an official of the Debtors-in-Possession.

In sum, while this Court is satisfied that this record would not warrant a total forfeiture of all monies paid by these Debtors to Ms. Acevedo, it is equally clear that the $4500 retainer received by her in this case was grossly excessive and the reasonable fee for her services rendered to this pre-petition shall not be in excess of $1500. Based on the foregoing, it is

ORDERED, ADJUDGED AND DECREED that the Motion to Reexamine Attorney Fees paid by the Debtors to Ms. Lee Ellen Acevedo be and is hereby granted. It is further

ORDERED, ADJUDGED AND DECREED that the reasonable fee allowable to Ms. Lee Ellen Acevedo for her services rendered shall not exceed the sum of $1500 and Ms. Lee Ellen Acevedo shall return the sum of $3000 within ten days of date of entry of this Order. It is further

ORDERED, ADJUDGED AND DECREED that Ms. Lee Ellen Acevedo shall refund to the Debtors–In–Possession the sum of $1500 that she received for her services rendered in connection with the Chapter 7 case of Global Engineering & Mapping Co., Inc.

DONE AND ORDERED.