**In re BURLINGTON TENNIS ASSOCIATES, Debtor.**

**Bankruptcy No. 82–00189.**

United States Bankruptcy Court, D. Vermont.

July 27, 1983.

See also 34 B.R. 832, 34 B.R. 836.

Charles H. Gibbs, Jr., Woodstock, for debtor.

Charles H. Gibbs, Jr., pro se.

Allen F. Gear, Burlington, Vt., for Vermont Federal Savings and Loan Association.

### MEMORANDUM AND ORDER

CHARLES J. MARRO, Bankruptcy Judge.

The above-named Debtor filed a Petition for Reorganization under Chapter 11 of the Bankruptcy Code on August 11, 1982, and the Court approved the appointment of Charles H. Gibbs, Jr., Esquire, as attorney for the debtor.

On November 15, 1982 he filed a Petition for Interim Compensation which was not approved, and on May 11, 1983 he filed a Motion for Reconsideration of his Application for Interim Compensation. There was objection to such allowance by the Vermont Federal Savings and Loan Association with a request that the Motion of the Attorney for the Debtor for reconsideration not be heard until pending Complaints and Motions filed by the bank and by the landlord of the debtor, David M. Farrell, were heard and decided. A hearing was held on the Motions of the Attorney for the Debtor on June 20, 1983.

Both the landlord, David M. Farrell, and Vermont Federal Savings and Loan Association as a secured creditor holding a mortgage on real estate owned by the landlord and leased to the Debtor filed Complaints for relief from automatic stay and adequate protection. By Memoranda and Orders entered July 22, 1983 and July 26, 1983, the requests of the landlord and of the bank for relief from stay and for adequate protection were denied. The Court, in effect, decided that there was a sufficient "equity cushion" in the property mortgaged to the bank to constitute adequate protection and that the Debtor by keeping its taxes, rents under its lease, and operating expenses current since the date of filing adequately protected the landlord.

Under § 331 of the Bankruptcy Code a debtor's attorney may apply to the Court not more than every 120 days for compensation for services rendered or for reimbursement of expenses incurred before the date of such application.

In view of the policy of the Code that bankruptcy attorneys be compensated on a parity with attorneys rendering comparable services, regular allowances of interim compensation may be made. Otherwise, bankruptcy attorneys may be forced to finance the administration of a case while attorneys in most non-bankruptcy areas of the law do

not suffer an equivalent hardship. 2 Collier 15th Ed. 331–6 § 331.02.

In this jurisdiction most Chapter 11's for Reorganization have aborted with the resulting conversions to Chapter 7 liquidations. In view of this, this Court has been hesitant in allowing interim compensation to attorneys for debtors having in mind that in such cases there would be insufficient funds generated from the liquidation of the assets with which to pay all of the administration expenses in straight bankruptcy as well as those incurred under Chapter 11. Administration expenses in an ensuing Chapter 7 liquidation have priority over those incurred under Chapter 11. § 726(b) of the Code; 4 Collier 15th Ed. § 726.03, pages 726–10.

Even though § 331 of the Code permits the allowance of interim compensation the Court feels, as pointed out in Collier's, that it is only at the conclusion of the case that a determination of the full value of the services performed by the particular professional or fiduciary can be made since only then is a thorough analysis by the court of the various relevant factors set forth in § 330 possible. 2 Collier, 15th Ed. 331–7 § 331.03.

On the other hand the Court is aware that the Attorney for the Debtor has indeed performed valuable services since the Petition for Relief under Chapter 11 was filed on August 11, 1982.

Even with this knowledge, the Court is not, as of now, prepared to pass upon the reasonableness of the charges made by the Debtor's Attorney. With his Motion for Reconsideration of his Application for Interim Compensation, the Attorney for the Debtor has submitted copies of invoices for the periods from August 10, 1982 through October 29, 1982; for October 31, 1982 to January 1, 1983; for the period from January 4, 1983 through April 1, 1983, covering services and expenses in the sums of $3,152.24; $4,270.67; and $5,019.91, respectively. However, it is noted that the appointment of the Attorney for the Debtor was not approved until October 7, 1982. It has been consistently held that a professional is not entitled to compensation for services rendered without prior approval by the Court. This Court has so held. See *In Re Vermont Real Estate Investment Trust* (Bkrtcy.Vt.1983). 26 B.R. 905 at 907 and cases therein cited.

The Applicant has also expressed a willingness to accept interim compensation and expenses allowed subject to the proviso that in the event of a conversion to Chapter 7 liquidation he will reimburse the estate for any sums received to which he shall not be entitled under the applicable provisions of the Bankruptcy Code. Therefore, without making any determination as to the reasonableness of the compensation requested, which shall be reserved for consideration after notice and a hearing at a future date,

IT IS ORDERED as follows:

1. Charles H. Gibbs, Jr., Esquire, is hereby allowed the sum of $6,000.00 as interim compensation for legal services rendered to the Debtor from October 7, 1982 to April 1, 1983.

2. The Applicant is further allowed reimbursement of expenses in the total sum of $815.80.

3. The Debtor is directed to make payment of these allowances within ten days of the date of this Order.

4. In the event that it is later determined that there are insufficient funds with which to pay all administration expenses incurred in this Chapter 11 proceeding or to pay all of the administrative expenses which may occur in a Chapter 7 liquidation if this case is converted to Chapter 7, then the Applicant shall be obliged to pay over to the Debtor or the trustee such pro-rata share of such sums received by him under this Order as are chargeable to him under the applicable provisions of the Bankruptcy Code.