**In re CUSTOM–MAKER, LTD., Debtor.**

**CENTERRE BANK NATIONAL ASSOCIATION, Plaintiff,**

**v.**

**CUSTOM–MAKER, LTD., et al., Defendants.**

**No. 83–1760C(1).**

United States District Court, E.D. Missouri, E.D.

April 4, 1985.

Thomas M. Carney, Charles E. Merrill and Steven Goldstein, St. Louis, Mo., for plaintiff.

Husch, Eppenberger, Donohue, Elson & Cornfeld, Thomas M. Carney, Charles E. Merrill, Steven Goldstein, St. Louis, Mo., for defendants.

## ORDER AND
## MEMORANDUM OPINION

NANGLE, District Judge.

**IT IS HEREBY ORDERED** that the order of the United States Bankruptcy Court, Eastern District of Missouri, Eastern Division, filed on June 1, 1983, be and is reversed and the question of the attorney's fees and expenses awarded to the law firm of Husch, Eppenberger, Donohue, Elson & Cornfeld be and is remanded to the bankruptcy court for consideration in light of this memorandum.

This matter is now before the Court on the appeal of the attorneys for the estate in bankruptcy from the bankruptcy court's award of fees and expenses to them. Appellant maintains that the bankruptcy court unjustifiably reduced its claim for fees and expenses.

This Court has jurisdiction of this appeal pursuant to 28 U.S.C. § 1334. The Court shall uphold the awards of compensation for services rendered in the bankruptcy proceedings, unless the awarding court abused its discretion or erroneously applied the law. *Southwestern Media, Inc. v. Rau,* 708 F.2d 419, 422 (9th Cir. 1983); *Matter of U.S. Golf Corp.,* 639 F.2d 1197 (5th Cir.1981). The bankruptcy court's findings of fact are binding on this Court unless clearly erroneous, but this Court is not bound by the bankruptcy court's evidentiary finding that a particular fee rate is reasonable. *Southwestern Media, Inc. v. Rau,* 708 F.2d at 422.

Appellant first challenged the action by the bankruptcy court in reducing the compensable time and hourly rate of two attorneys for the estate and in denying altogether the claims of other attorneys who worked on the case. Appellant sought a total of $60,786.50 in fees for the work performed by various attorneys and a paralegal on the case. The bankruptcy court awarded fees only for the work of the attorneys who were the most active in representing the estate's interest. The court considered the nature of the work performed, but found it necessary to limit an award to two attorneys because of the result obtained and the possible benefit to parties other than the estate.

The standard for awarding fees is set forth in 11 U.S.C. § 330. This statute provides for reasonable compensation for actual, necessary services "based on the time, the nature, the extent, and the value of such services and the cost of comparable services other than in a case under this title." The legislative history reveals that the policy behind this section is to compensate the attorneys under Title 11 at the same rate as attorneys performing comparable services. 124 Cong.Rec.H. 11,091–2 (Sept. 28, 1978). The objective of conserving the estate is not a factor for consideration when awarding fees, however. *Id.;*

*Southwestern Media, Inc. v. Rau,* 708 F.2d at 427 n. 13.

██ In denying an award for the time devoted by the remaining uncompensated attorneys, the bankruptcy court focused upon the result obtained and the possible benefit to the parties other than the estate. The court additionally indicated that it relied upon the factors set forth in *Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), yet it provides no insight into the specific factors which prompted the denial of the requested compensation. The bankruptcy court provides no details as to why the nature of the case demands the denial of the compensation. Without more specifics, it is impossible for this Court to conduct any meaningful review of the bankruptcy court's decision. Thus, this matter is remanded to the bankruptcy court to reconsider its denial of awarding compensation for the six additional attorneys. The court shall provide a more detailed explanation of its decision, and shall be guided by the policies and factors of the statute.

██ Appellant further complains that the bankruptcy court erred in reducing the compensable time of the two primary attorneys on the case. This Court cannot conclude that such reduction amounted to an abuse of discretion, however. The bankruptcy judge clearly found that much of the time claimed by the attorneys overlapped and thus compensation of both attorneys was unnecessary. Appellant has presented no evidence that this finding is erroneous. Consequently, this Court holds that the bankruptcy court's determination of compensable time for Thomas M. Carney and Charles M. Merrill is reasonable. This conclusion, however, should be considered in connection with this Court's holding that appellant's application for fees and cash outlays shall be taken up by the bankruptcy court, as well.

██ Appellant additionally takes issue with the rate of compensation awarded by the court. Mr. Carney requested $100.00 per hour and Mr. Merrill sought compensation at $80.00 per hour. The court awarded $90.00 per hour for Mr. Carney's in court time, and $75.00 per hour for the remainder of his time. Mr. Merrill was awarded $70.00 per hour. As with the question of compensable time, the court does not provide a meaningful explanation of its reasons for reducing the rate of compensation. Accordingly, the matter is remanded to the bankruptcy court with instructions to more clearly set forth its reasons for reducing the rate of compensation which it awarded.

██ Appellant's next contention is that the bankruptcy court unreasonably denied compensation for 321.3 hours of time devoted to the case by a paralegal. There was testimony that the paralegal reviewed and organized documents. Furthermore, the trustee testified that the fee of $40.00 per hour requested by the paralegal was too high, but he did not question the amount of time claimed. The record reveals that the attorneys were compelled to treat the case as a jury trial, and that much pre-trial document preparation was necessary. The bankruptcy court summarily concluded that the nature of the adversary proceeding and resultant judgment did not permit the Court to award compensation for the paralegal services as the services were not shown to have been necessary or beneficial to the estate and two experienced attorneys were compensated. Such explanation likewise does not provide the Court with enough specifics to assess the arbitrariness of the bankruptcy court's decision. The use of paralegals is specifically encouraged by the Bankruptcy Code. *In the Matter of Liberal Market, Inc.,* 24 B.R. 653, 658 (Bankr.S.D.Ohio 1982). Therefore, the action is remanded to the bankruptcy court to reconsider appellant's claim for paralegal compensation.

██ Appellant's next point on appeal is that the bankruptcy court erred in failing to award the full amount of its cash outlays expended on behalf of the estate in Adversary No. 81–56(3). Appellant requested the sum of $7,240.10, while the bankruptcy court awarded half that amount. The reason given was that the

request for compensation did not include a breakdown of the dates involved or the nature of the activity. When appellant requested leave to submit additional records to support its application, the court denied the motion. This Court concludes that the bankruptcy court did not sufficiently justify its basis for arriving at the figure of the award. The expense question is thus remanded for further consideration. On remand, appellant should be given the opportunity to supplement its claim for reimbursement of expenses.

Finally, appellant takes issue with the bankruptcy court's failure to award it compensation for time and cash outlays extended on behalf of the estate during the Chapter 11 reorganization and prior to the conversion of the case to a Chapter 7 liquidation. The bankruptcy court specifically indicated that its compensation award was for expenses and fees in connection with its appointment of the trustee's counsel, or upon conversion of the case to a Chapter 7 liquidation. The application, however, requests compensation for all services rendered. Such preconversion fees and expenses are awardable. *In re Med General, Inc.* 17 B.R. 13 (Bankr.D. Minn.1981). Accordingly, upon remand the bankruptcy court shall consider appellant's application for fees and cash outlays rendered prior to the conversion.