**Richard GOLDING and Lord, Bissell & Brook, Plaintiff-Appellant,**

v.

**Robert FARWELL and Carol Farwell, Defendants-Appellees.**

**Nos. 86 C 1085, 82 B 15142.**

United States District Court,
N.D. Illinois, E.D.

July 23, 1986.

Richard N. Golding, Lord, Bissell & Brook, Dennis E. Quaid, Ariel Weissberg, and Gary Smith, Chicago, Ill., for plaintiff-appellant.

## MEMORANDUM OPINION AND ORDER

ANN C. WILLIAMS, District Judge.

This matter is before the court on the appeal from the bankruptcy court's award of attorney's fees and expenses to the former counsel for the debtors, Robert and Carol Farwell. Appellants assert that the bankruptcy court unjustifiably reduced their claim of $50,042.55, and awarded them only $18,500. Appellants maintain that the decision should be vacated and remanded because, in rendering its decision, the bankruptcy court failed to issue findings of fact and conclusions of law.

Bankruptcy Rule 9014 provides that in a contested matter, "unless the court otherwise directs", Bankruptcy Rule 7052 will apply. Bankruptcy Rule 7052 in turn provides that Rule 52 Fed.R.Civ.P. shall be followed. Rule 52 requires a court to state separately its findings of fact and conclusions of law in ruling on a contested matter. Fed.R.Civ.P. 52(a). The purpose of Rule 52 is to make it possible for the appellate court to ascertain from the record the reasons for the lower court's decision. If Rule 52(a) is not followed, remand is appropriate. 5A J. Moore *Moore's Federal Practice*, ¶ 52.06(2) (1986); *In re Custom Maker, Ltd.*, 47 B.R. 1022 (1985).

In this case Judge Eisen, the bankruptcy judge, conducted a hearing, at which counsel for the parties presented their positions on the fee application. Judge Eisen then stated:

> I'll review the submissions. I have a feeling and knowledge of the case. I'm familiar with the law. I'll review it again and make my determination on the

basis of going over the petition, the scheduled hours, the objections, and take it under advisement. Will you submit a draft order leaving the amount blank.

December 3, 1985 Transcript at 9. On December 30, 1985, Judge Eisen, using appellants' draft order, issued the award. The Judge, however, failed to make any findings of fact or conclusions of law, either orally or in writing.

Nothing in the record indicates that Judge Eisen directed that Bankruptcy Rule 7052 would not apply. However, appellees argue that, by ordering appellants to submit a draft order, Judge Eisen impliedly directed that Rule 7052 would not apply. This court is unable to agree with this interpretation of Judge Eisen's comments of December 3. Accordingly, Rule 7052 did apply and thus triggered the bankruptcy court's obligation to comply with Fed.R. Civ.P. 52(a) when ruling on the fee application.

Appellants argue that not only is remand necessary, but this court should also vacate the judgment and order further hearings. Appellants give no reason for further hearings, and the court can discern none. All that is required here is that Judge Eisen set forth the basis of his judgment by detailing his findings of fact and conclusions of law. This will enable this court to exercise its responsibility to review the fee award. Therefore, the matter is remanded to the bankruptcy court so that Judge Eisen can make the necessary findings and conclusions.