In re Robert and Carol
FARWELL, Debtors.

Nos. 86 C 9577 (82 B 15142).

United States District Court,
N.D. Illinois, E.D.

June 19, 1987.

Richard Golding, Lord, Bissell and Brook, Chicago, Ill., for plaintiff.

## MEMORANDUM OPINION AND ORDER

GRADY, Chief Judge.

This case is before us on appeal from the bankruptcy court's opinions and orders of September 2, 1986 and October 23, 1986, wherein Chief Judge Robert Eisen explained his findings of fact and conclusions of law in awarding appellants their fees and costs for work done as attorneys for Robert and Carol Farwell, debtors. Appellants move to vacate these orders, or in the alternative, remand for further hearing. The case had been remanded so that Judge Eisen could make the necessary findings and conclusions pursuant to Federal Rule of Civil Procedure 52(a).[1] *In re Farwell*, 63 B.R. 414 (N.D.Ill.1986) (Williams, J.).

---

1. Federal Rule of Civil Procedure 52(a) states
   In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon....

   Findings of fact ... shall not be set aside unless clearly erroneous....
   Bankruptcy Rule 7052 requires that Rule 52(a) is to be followed.

As the facts have been set forth in Judge Eisen's and Judge Williams' opinions, we will not recite them here and will refer to facts only where necessary.

Appellants Lord, Bissell & Brook ("Appellants") argue that Judge Eisen's memoranda do not conform to Rule 52(a). Appellants' Brief at 9. They also argue that various factual findings are not supported by substantial evidence, *id.* at 16, and that the judge abused his discretion in basing his ruling on subjective judgment. *Id.* at 6. We begin with Rule 52(a).

## DISCUSSION

The thrust of appellants' Rule 52(a) argument is that it is impossible for them to determine how the judge calculated their fee award or how he applied the law. *Id.* at 9. Specifically, they complain that the judge did not make findings as to reasonable hourly rates and total hours reasonably spent. *Id.* at 11. Appellants also contend that although the judge enumerated eight factors he considered in determining the award (the nature of services rendered, difficulty and complexity encountered, time necessarily spent, burden to the estate, size of the estate, result achieved, duplication of services and professional standing), he did not indicate how those factors affected his decision. *Id.* at 12.

Briefly stated, appellants had requested $68,242.35 in fees, less $12,000.00 already paid, plus $1,710.38 in expenses. Judge Eisen awarded $30,700.00 in fees (less the retainer) plus $1,200.00 in expenses. Thus, he awarded appellants approximately 43% of the amount requested. The judge determined that "given the size of the estate, the complexity of the matters involved, and the benefit realized by the estate for services rendered," $30,700.00 was the compensation due for appellants' necessary and reasonable services. Memorandum of September 2 at 5 ("Sept. Mem."). He awarded $1,200.00 in expenses because of the "inadequacy of [their] justification." *Id.* In coming to his conclusion the judge found that "much of the work performed by [appellants] was excessive." *Id.* at 4. For example, 29% of the total time billed was for work on the debtor's plan of reorgani-

zation, which the debtors withdrew prior to confirmation. *Id.* at 2. Appellants requested compensation for eleven continuances on behalf of their clients, which delayed the case thirteen months. *Id.* Appellants also billed time for work done after the creditor's reorganization plan had been confirmed. *Id.* at 3. Judge Eisen also commented on appellants' staffing of the case with thirteen attorneys, who billed at rates ranging from $38 to $171 per hour. *Id.* at 2. In general, he found the rates to be too high given the simplicity of the case and the legal issues involved. October 23 Memorandum ("Oct. Mem."). He noted that one associate (who logged nearly half of the total 600 hours billed) charged at rates over $100 per hour. Sept. Mem. at 2.

These findings of fact and conclusions of law meet the requirements of Rule 52(a). Rule 52(a) does not require elaborately detailed findings; the findings need only be sufficient to discern the basis of the court's decision. J. Moore & J. Lucas, 5A *Moore's Federal Practice* ¶ 52.06[2] at 52–142 (1986). Rule 52(a), however, is not an appropriate standard by which to review Judge Eisen's orders. A court's fee award will not be overturned absent an abuse of discretion or a clearly erroneus finding of fact. *Lynch v. City of Milwaukee*, 747 F.2d 423, 426 (7th Cir.1984). Appellants' argument that Judge Eisen's memoranda are insufficient because they neither state the number of hours reasonably spent at a reasonable hourly rate nor explain how certain factors influenced his decision must be evaluated according to the abuse of discretion standard. It is true that the judge never specifically stated what a reasonable rate or a reasonable number of billable hours would be in this case. But, as the Seventh Circuit said, "There is no one formula for determining a fee award, and therefore the district court's calculation is anything but an arithmetical exercise." *Tomazzoli v. Sheedy*, 804 F.2d 93, 97 (7th Cir.1986) (citations omitted). The court went on to endorse lump sum reductions "as a practical means of trimming fat from a fee application, [because] it is unrealistic to expect a trial court to evaluate and rule

on every entry in an application." *Id.* at 98.

We believe, therefore, that it was not necessary for Judge Eisen to make findings as to how many hours and what hourly rates were appropriate. Likewise, Judge Eisen's failure to elaborate how certain criteria affected his decision is no abuse of discretion. His duty was to provide "a concise but clear explanation" of his reasons for the fees he allowed. *Tomazzoli*, 804 F.2d at 97 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983)). The purpose of requiring a court to give a clear and concise explanation of its reason for an award is to enable an appellate court to determine whether the court considered and assessed relevant information. *Tomazzoli*, 804 F.2d at 97. Judge Eisen's memoranda are sufficient to indicate that he did consider and assess relevant information. He found much of the work done to be duplicative and unnecessary. He found appellants' billing rates too high, given the nature of the case. He found a large percentage of appellants' work to have been of no benefit to the estate. He found the appellants ineligible for the fees requested for post-confirmation work as the trustees were the only authorized representatives of the estate. Clearly, Judge Eisen did not simply "eyeball" the request and arbitrarily cut it down because it seemed excessive; rather, he reviewed the request and found it excessive in light of the requirements of the case, of which he had first-hand knowledge.

■ Appellants argue further that Judge Eisen abused his discretion by using his "subjective" judgment. Appellants' Brief at 6. They refer to the October memorandum, wherein Judge Eisen stated:

Section 330(a) of the Bankruptcy Code provides that 'the court *may* award ... to the debtor's attorney (1) reasonable compensation....' 11 U.S.C. § 330(a) (emphasis added). The statute allows a court discretion in the allowance of fee requests and does not set forth a totally objective standard. The court is required based on its past experience with this case as well as other cases, to use its subjective judgment in a determination of the allowance of fees....

Oct. Mem. at 1–2.

Appellants argue that "there can be no justification for the Bankruptcy Court to use its subjective judgment in determining the allowance of fees." Appellants' Brief at 6. Had Judge Eisen meant "partial" or "biased" when he used the word "subjective," appellants would obviously be correct. It is clear, however, from the judge's memoranda that he did not refer to his "subjective" judgment in that sense. Rather, it is clear he meant that in applying the proper criteria, he was drawing on his experience in this case and in others to determine a reasonable fee.

■ Appellants' final argument is that Judge Eisen's award is not based on substantial evidence. Appellants' Brief at 16. As we indicated earlier, the proper standard of review is not "substantial evidence" but "clearly erroneous." *Supra* at 3. The "clearly erroneous" standard is more deferential than the "substantial evidence" test; a finding of fact is clearly erroneous if "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Andre v. Bendix Corp.*, 774 F.2d 786, 793 (7th Cir.1985) (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985)).

Appellants first argue the judge's finding that their average billing rate was $114.00 ignores the fact that two attorneys—Robert Golding and Michael Stone—billed approximately 70% of all the hours. Appellants' Brief at 17. Appellants advocate the proportional averaging method, where each billing rate would first be weighed by the number of hours billed at that rate before the average is calculated. This is one type of average. Judge Eisen computed a simple average, where all the billing rates were added together and divided by the total number of attorneys. This is another type of average. We find nothing "clearly erroneous" in the judge's

choice of methodology. Appellants also contend that the judge's finding that their hourly rates are excessive is without a basis because the record is devoid of any evidence concerning what a reasonable hourly rate might be. *Id.* at 18. This argument misses the mark. The fee applicant bears the burden of proving that the requested fees are reasonable. *In re U.S. Golf Co.*, 639 F.2d 1197, 1207 (5th Cir. 1981). Appellants submitted no supporting evidence at the evidentiary hearing and chose to rest solely on their fee application to persuade the court. Their application shows that Michael Stone, an associate whose work accounted for about 50% of all hours billed, charged $126.00 an hour for the bulk of his work. Appellees objected to this rate, claiming that at most firms, this is a partner's rate. Appellees' Brief at 15. This is correct. Both Judge Eisen and this court are justified in relying upon our own knowledge of customary rates, without the need for independent evidence. *Brown v. Culpepper*, 561 F.2d 1177 (5th Cir.1977) (trial courts are experts as to the reasonableness of attorneys' fees); *Morehead v. Lewis*, 432 F.Supp. 674, 680 (N.D.Ill.1977) ("[t]he court is itself an expert ... and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of ... witnesses.") Appellants did not justify their rates when challenged by appellees' evidence.

Appellants next argue that the judge's "belie[f] that this case did not warrant the use of 13 different attorneys, each of them billing some time to review the facts ..." is not supported by the record. Appellants' Brief at 17. First, determinations as to whether an excessive number of attorneys has been assigned to a case can be based upon the judge's knowledge and experience and, certainly in a case as uncomplicated as this one, do not require testimony on the point. Second, a reasonable inference to draw from the involvement of thirteen attorneys on a case is that they would need to familiarize themselves with the matter. A brief perusal of appellants' fee application supports such an inference. No less than forty entries contain a description similar to "review file and revise plan." Numerous other entries are for conferences between attorneys on the case. There is an adequate basis for Judge Eisen's conclusion. Finally, Judge Eisen's conclusion that appellants could have saved significant fees by reducing the number of requests for continuances, or requesting them by telephone, is not clearly erroneous.

## CONCLUSION

Appellants' motion to vacate Judge Eisen's orders below or in the alternative to remand for further hearing is denied. Judge Eisen's allowance of fees and costs is affirmed.