## In re MICROWAVE PRODUCTS OF AMERICA, INC., Debtor.

### Bankruptcy No. 88–27990–D(sbb).

United States Bankruptcy Court, W.D. Tennessee, W.D.

July 20, 1989.

See also, Bkrtcy., 102 B.R. 659, and, Bkrtcy., 102 B.R. 666.

David J. Cocke, Borod & Kramer, Memphis, Tenn., for Litton Industries.

Harris P. Quinn, Memphis, Tenn., for debtor.

Jack F. Marlow, Memphis, Tenn., for AUIC.

Michael P. Coury, Memphis, Tenn., for Unsecured Securities.

Henry C. Shelton, III, Memphis, Tenn., for Western Industries.

Irvin Bogatin, Memphis, Tenn., for Keystone Transformer Co.

Gary Vanasek, Asst. U.S. Atty., Memphis, Tenn.

Gordon B. Conn, Jr., Minneapolis, Minn.

John L. Ryder, Memphis, Tenn., for FBIC.

Jennie D. Latta, Memphis, Tenn., for Magnetek, Inc.

William A. Carson, II, Memphis, Tenn., for Midwest Coast Transport.

Julie C. Chinn, Asst. U.S. Trustee, Memphis, Tenn.

Alan Kolad, New York City, for Moulinex.

## MEMORANDUM OPINION AND ORDER ON APPLICATION OF DEBTOR'S ATTORNEYS FOR INTERIM ALLOWANCE OF ATTORNEY'S FEES AND REIMBURSEMENT OF EXPENSES

BERNICE BOUIE DONALD,
Bankruptcy Judge.

This core proceeding [1] is before the court on "application of debtor's attorneys, for interim allowance of attorney's fees and reimbursement of expenses". This is the second interim fee application filed by debtor's counsel, and covers fees and expenses for the period November 8, 1988, through April 30, 1989.

### CASE SUMMARY

The debtor filed its voluntary chapter 11 petition October 28, 1988, seeking to reor-

---

1. 28 U.S.C. § 157(b)(2)(A).

ganize under the protection of the Bankruptcy Code. The debtor, a national corporation, with offices in Sioux Falls, South Dakota, and principal offices in Memphis, Tennessee, had some 900 employees at the time of filing. The court entered an order dated November 1, 1988, approving the application of Heiskell, Donelson, Bearman, Adams & Kirsch, P.C., as attorneys for the debtor in this chapter 11 case. The application disclosed a retainer in the amount of One Hundred Fifteen Thousand Dollars ($115,000.00) from the debtor. The first allowed interim fees were to be paid from the pre-petition retainer. After a hearing on notice pursuant to 11 U.S.C. § 331 and Bankruptcy Rules 2002 and 2016, fees were approved in the amount of Eighty-six Thousand Six Hundred Four Dollars ($86,-604.00), subject to a 10% holdback or Seventy-seven Thousand Nine Hundred Forty-three Dollars Sixty Cents ($77,943.60), and expenses in the amount of Six Thousand Thirteen Dollars Sixty-one Cents ($6,013.61). These fees and expenses covered the period October 24, 1988, through December 31, 1988. The order was entered February 8, 1989.

The present interim fee application covers the period November 8, 1988 through April 30, 1989, and seeks compensation for 1011.60 hours expended by 15 professionals, or para professionals, and expenses of Thirteen Thousand Eighty-two Dollars Ninety-three Cents ($13,082.93). The hourly rates for these professionals and para professionals are set forth as follows:

| | |
|---|---|
| Clive W. Bare | $180.00 |
| Charles T. Tuggle, Jr. | 140.00 |
| Richard B. Gossett | 140.00 |
| Jon P. McCalla | 140.00 |
| Harris P. Quinn | 125.00 |
| David E. Fielder | 125.00 |
| Earl C. Buckles | 115.00 |
| Scott K. Haight | 100.00 |
| Deborah S. Humble | 100.00 |
| John W. Marshall | 80.00 |
| Stephen W. Ragland | 80.00 |
| Mary H. Dillard | 80.00 |
| Deborah H. Smith | $50.00 |
| Betty A. Bell | $55.00 |
| Susan Terrell | 45.00 |

Debtor's counsel states that legal services performed and expenses incurred prior to December 31, 1988, but which were not included as part of the applicant's first application, are included in this application.[2]

The applicant seeks to reserve provisions for fees and expenses related to services rendered prior to April 30, 1989, but not included in this second application. This application includes Four Thousand Three Hundred Sixty Dollars ($4,360.00) in fees during the period covered by the first interim application, which represents 43.85 hours.

The United States Trustee has filed written objections to the allowance of certain interim fees and expenses, and filed detailed memoranda to support those objections.

The broad question is whether certain interim fees may be allowed pursuant to 11 U.S.C. § 331? The more specific question for judicial determination is whether the services for which the fees and expenses represent are reasonable and necessary, and whether those services benefited the estate? Inherent in such a determination are issues of duplication of services, unnecessary time and charges, overhead charges, and the value of the services rendered. Although this is an application for interim fees, because the charges and expenses are substantial, and the issues raised will have an impact upon future fee applications in this case, the court will generally address the issues raised in the U.S. Trustee's objection, which issues were responded to in the applicant's memorandum of law in support of the allowance of payment of interim fees.[3]

## DISCUSSION

11 U.S.C. § 331 [4] is styled "Interim Compensation" and authorizes, but does not

---

**2.** Debtor's counsel, in its first interim fee application, reserved the right to include additional appropriate fees.

**3.** This memorandum opinion does not finally resolve the United States trustee's objections, which are reserved until the final fee application.

**4. § 331. Interim compensation.**

   A trustee, an examiner, a debtor's attorney, or any professional person employed under section

mandate, the payment of interim compensation. The court is allowed discretion under this section. The exercise of this discretion may even compel deferral of any awards pending, for example, the confirmation hearing. See, e.g., *In re First Hartford Corporation d/b/a Wyandotte Mills,* 9 B.C.D. 1045, 23 B.R. 729 (Bankr.S.D.N.Y. 1982).

■ The court has the responsibility to scrutinize the propriety of fees and expenses even if no one objects. *In re Temple Retirement Community, Inc.,* 97 B.R. 333 (Bankr.W.D.Texas 1989); *Jordan v. Mark IV Hair Styles, Inc.,* 806 F.2d 695 (6th Cir.1986); *In re S.T.N. Enterprises, Inc.,* 70 B.R. 823 (Bankr.D.Vt.1987). The court determines the reasonableness of fees and expenses. This determination may be made at the interim application, or at the end of the case. *In re Kaiser Steel Corp.,* 74 B.R. 885 (Bankr.D.Colo.1987); *In re Wilson Foods Corp.,* 36 B.R. 317 (Bankr.W.D.Okla.1984).

An interim allowance under 11 U.S.C. § 331 does not purport to measure the true value of the services in question. Until a case has been finally concluded, it is difficult, if not impossible, to determine the true value of any services rendered. This is especially true in the instant case, where the case is approximately nine (9) months old, and there has been substantial legal activity, but no successful plan has been put forth, and where there is under advisement a ruling on a pending motion for the appointment of a chapter 11 trustee.

The applicant's second interim application is one hundred eighty (180) pages in length, and is replete with entries relating to attorney conferences, multiple attorneys attending hearings and depositions, and interoffice expenses. The United States trustee has objected to much of this in great detail.

## REASONABLENESS

■ Compensation is to be for actual, necessary services based on, *inter alia,* time spent, the nature, the extent and the value of services rendered, and the novelty and difficulty of questions involved. *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir.1974); *Cle–Ware Industries, Inc. v. Sokolsky,* 493 F.2d 863 (6th Cir.1974), *cert. denied,* 419 U.S. 829, 95 S.Ct. 50, 42 L.Ed.2d 53; (1974) Bankruptcy Rule 2019. The burden of proof on all fee matters is on the applicant. *In re Swartout,* 20 B.R. 102 (Bankr.S.D.Ohio 1982). The court must attempt to avoid double compensation for duplication of services. *Cle–Ware Industries, Inc. v. Sokolsky,* 493 F.2d at 868. The fee must be justified by more than merely the hours spent. *In re Town & Country Estates, Inc.,* Case No. 81–20202–K (Bankr.W.D.Tenn. February 9, 1983). See also, *In re Hotel Associates, Inc.,* 15 B.R. 487 (Bankr.E.D.Pa.1981). Further, compensation is not allowed for performing clerical, ministerial, or secretarial services. *In re Bonds Lucky Foods, Inc., No. 1,* 76 B.R. 664 (Bankr.E.D.Ark. 1986); *In re S.T.N. Enterprises, Inc.,* 70 B.R. 823 (Bankr.D.Vt.1987); but cf. *In re Wabash Valley Power Ass'n., Inc.,* 69 B.R. 471 (Bankr.S.D.Ind.1987); 11 U.S.C. § 328(b), *Cle–Ware Industries, Inc.,* 493 F.2d at 874. Further, the number of attorneys involved may be excessive in this matter. See, *In re Farwell,* 77 B.R. 198 (N.D. Ill.1987) (where the use of 13 attorneys was excessive).

■ Fees allocated to research may be limited where the attorney is supposed to be an expert, if research time is excessive, or if it is allocated to routine bankruptcy issues. *In re Wittman Eng'g. & Mfg. Co., Inc.,* 66 B.R. 488 (Bankr.N.D.Ill.1986); *In re Parameswaran,* 64 B.R. 341 (Bankr.S.D. N.Y.1986).

327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title. After notice and a hearing, the court may allow and disburse to such applicant such compensation or reimbursement.

## CONFERENCES AMONG ATTORNEYS

■ Interoffice conferencing must be scrutinized to ascertain the contribution to the estate. This has to be viewed on a case by case basis, and the totality of circumstances must be considered. In a major case with multiple attorneys involved, some conferencing is essential, however, reductions or disallowances of fees may result in the case of excessive conferencing. *In re Wiedau's, Inc.*, 78 B.R. 904 (Bankr.S.D.Ill. 1987); *In re Pettibone, Inc.*, 74 B.R. 293 (Bankr.N.D.Ill.1987); See also, *In re Mansfield Tire & Rubber Co.*, 65 B.R. 446 (Bankr.N.D.Ohio 1986). Further, where multiple attorneys attend hearings and conferences, there must be a showing that each attorney contributes to the hearing or proceeding. *In re Wabash Valley Power Assn., Inc.*, 69 B.R. 471 (Bankr.S.D.Ind. 1987).

## DUPLICATION

In complex cases, there will inevitably be some duplication. While it is difficult for the court to second guess how much of the activity is unnecessary duplication, some standards must be applied to protect the estate. Although some duplication was anticipated at the commencement of the case, less should be required as the case progresses. The court in *Matter of Pothoven*, 84 B.R. 579, 583 (Bankr.S.D.Iowa 1988) held:

"Generally, attorneys should work independently, without the incessant 'conferring' that so often forms a major part of many fee petitions". *In re Pettibone Corp.*, 74 B.R. at 303; *In re Amatex Corp.*, 70 B.R. [624,] at 626 [ (Bkrtcy.E.D.Pa.1985) ]. The bankruptcy estate should not bear the cost of compensating each attorney present at an intra-office conference unless counsel can show that the estate benefitted from each attorney's special area of expertise. In the absence of a showing of the purpose of the conference and why the conference was essential to efficient management of the case, this court will not award full compensation to each attorney present at the conference. *In re Amatex Corp.*, 70 B.R. at 626. The same reasoning applies to duplicative court appearances. *Id.* See also, *In re Jensen–Farley Pictures, Inc.*, 47 B.R. 557, 583 (Bankr.D.Utah 1985). When more than one attorney appears in court, no fee or a reduced fee should be sought for non-participating counsel. This court will examine the frequency and length of duplicative services in individual cases to determine whether a reduction in compensation sought is appropriate. (citation omitted).

## TRAVEL TIME

■ Courts are divided on how travel time should be treated. Some courts hold that travel time should be compensated at 50% of the attorney's normal hourly rate. *In re Taylor*, 66 B.R. 390 (Bankr.W.D.Pa. 1986). However, other courts have refused to discount travel time. *In re Frontier Airlines, Inc.*, 74 B.R. 973 (Bankr.D.Colo. 1987). This court has previously held that travel time should be billed at a reduced rate. *In re Microwave Products of America*, 104 B.R. 900 (Bankr.W.D.Tenn.1989).

## EXPENSES

■ All expenses must be adequately documented in order to be reimbursed, and must be incurred by a "professional person" under § 327(a) or § 1103, 11 U.S.C. § 330(a). *In re Washington Mfg. Co.*, 101 B.R. 944 (Bankr.M.D.Tenn.1989). Further, time entries for telephone calls, conferences, research, etc., must indicate the persons involved, and the subject matter. *In re Pettibone Corp.*, 74 B.R. 293 (Bankr.N. D.Ill.1982). The actual cost of photocopying, long-distance telephone charges, postal expense, and travel costs may be reimbursed. *Matter of Pothoven*, 84 B.R. 579 (Bankr.S.D.Iowa 1988). However, charges which are part of the cost of operating overhead are not properly chargeable to the bankruptcy estate. *Id.*

■ The court notes that the future of the instant debtor is uncertain. This interim application covers the first six (6) months of the debtor's existence, and the

debtor's counsel's aggregate interim fee requests approximate Two Hundred Thousand Dollars ($200,000.00). While there is no Bankruptcy Code mandate that a holdback be imposed in every case, the court has discretion to impose a holdback in appropriate cases. *In re Wilson Foods Corp.*, 36 B.R. 317 (Bankr.W.D.Okla.1984). In the instant situation, the court deems that a 25% holdback is appropriate, and in the best interest of the estate.

Therefore, interim compensation of 75% will be awarded, and expenses will be allowed in full. Inasmuch as this is an interim application, the court reserves any determination on reasonableness, duplication, travel time, and other issues raised in United States Trustee's objection until the final fee application.

Therefore, the 75% interim compensation and expenses allowed are, however, subject to the proviso that the court may allow final compensation different from the prior aggregate interim awards if such interim awards subsequently prove to have been improvident in light of the totality of all the facts and circumstances. That is, the attorneys for the debtor may have to reimburse the chapter 11 estate if the interim awards ultimately prove to have been improvident. See, e.g. *In re Burlington Tennis Associates*, 34 B.R. 839 (Bankr.Vt. 1983).

## CONCLUSION

Based on the above, interim fees in the amount of One Hundred Fifteen Thousand Six Hundred Fifteen Dollars ($115,615.00) will conditionally be allowed, but a 25% holdback is imposed. Actual expenses of Thirteen Thousand Eighty-two Dollars Ninety-three Cents ($13,082.93) are allowed, with the provision that they may be subject to further reduction and/or disallowance when the final application is filed.

The objections of the United States Trustee, which are well founded, are reserved until the final fee application.

Attorneys fees and expenses are governed by 11 U.S.C. § 503, and are entitled to payment from the estate as a priority administrative expense.

IT IS SO ORDERED.