958 F.2d 371
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
In re HAYES & SON BODY SHOP, INC., Debtor.
HAYES & SON BODY SHOP, INC., Plaintiff-Appellant,
v.
E. Franklin CHILDRESS, Jr., United States Trustee, Defendant-Appellee.
 No. 91-5634.
 United States Court of Appeals, Sixth Circuit.
 March 23, 1992.
 
 Before NATHANIEL R. JONES and DAVID A. NELSON, Circuit Judges, and LIVELY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff, Hayes & Son Body Shop, Inc., appeals the district court's order affirming the bankruptcy court's calculation of plaintiff's attorney fees and granting the trustee's request for sanctions for plaintiff's conduct in this action. For the reasons that follow, we affirm.
 
 
 2
 * On March 14, 1988, Hayes & Son Body Shop, Inc. (the "debtor") filed a petition for relief under Chapter 11 of the Bankruptcy Code. The debtor filed a Disclosure Statement and Plan of Reorganization on October 24, 1988. The United States Trustee (the "Trustee") filed an objection to the debtor's proposed Disclosure Statement on November 10, 1988. On November 23, 1988, the debtor filed a motion challenging the standing of the Trustee to object to the debtor's proposed Disclosure Statement and requesting sanctions. The bankruptcy court found that the Trustee has standing to object to the Disclosure Statement and denied debtor's request for sanctions.
 
 
 3
 The debtor appealed to the district court. The Trustee moved to have the appeal dismissed because it was an interlocutory appeal. The district court agreed with the Trustee and dismissed the appeal.
 
 
 4
 The debtor thereafter filed an amendment to its Plan of Reorganization on December 20, 1988. The Trustee filed a motion to dismiss or convert the debtor's Chapter 11 case on May 26, 1989, and the Commissioner of Revenue for the State of Tennessee filed a motion to dismiss on June 1, 1989. Both motions were based on the alleged failure of the debtor to appropriately administer its bankruptcy estate. The motions were later withdrawn without prejudice after appropriate remedies were agreed to by the debtor.
 
 
 5
 The debtor's attorney filed an application for allowance of "interim" (now final) compensation on November 3, 1989. In a memorandum opinion and order dated December 19, 1989, the bankruptcy court awarded attorneys fees in the amount of $10,000, which was less than the requested amount, $16,899. The debtor's Plan of Reorganization was confirmed on December 21, 1989.
 
 
 6
 On December 29, 1989, the debtor appealed to the district court. The debtor failed, however, to list the Trustee as a party to the appeal. The Trustee promptly filed an additional designation of record as an unnamed appellee. On September 12, 1990, the debtor filed a motion to strike the pleadings of the Trustee, as well as the additional designation of the record, and requested sanctions against the Trustee. The Trustee filed a response and requested sanctions against debtor's counsel. On November 27, 1990, the district court found that the Trustee had standing to appear and participate in the appeal, denied debtor's request for sanctions, and granted the Trustee's request for sanctions against debtor's counsel. The debtor next filed a motion to alter or amend the prior order, which the district court denied on January 16, 1991. On April 30, 1991, the district court affirmed the bankruptcy court's award of attorney fees. The debtor now brings this appeal, challenging the award of sanctions and the affirmance of the amount of attorney fees.
 
 II
 
 7
 Plaintiff first challenges the reduction of attorney fees. A district court's allowance or disallowance of fees, costs, and expenses in reorganization proceedings "should not be disturbed on appeal unless there is a clear abuse of discretion amounting to a manifest disregard of right and reason." Gochenour v. Cleveland Terminals Bldg. Co. (In re Gochenour), 142 F.2d 991, 995 (6th Cir.), cert. denied, 323 U.S. 767 (1944). Furthermore, "[t]his court has held consistently that the findings of fact by a Bankruptcy Judge will not be reversed unless they are clearly erroneous." Cle-Ware Indus. v. Sokolsky (In re Cle-Ware Indus.), 493 F.2d 863, 869 (6th Cir.), cert. denied, 419 U.S. 829 (1974).
 
 
 8
 Compensation for attorneys of debtors, including debtors-in-possession, is governed by 11 U.S.C. § 330 (1988). In determining fees under § 330, courts have adopted a variety of approaches. As pointed out by the bankruptcy court in its decision below, the Sixth Circuit adopted an approach under the former Bankruptcy Act that considers factors such as benefit to the estate, amount of work done, skill and experience required, and amount of time spent on administration. Cle-Ware Indus., 493 F.2d at 868-69.
 
 
 9
 After reviewing counsel's fee application, the bankruptcy court concluded that the hourly fee of $125 was appropriate, but that other adjustments were necessary in light of the totality of the circumstances. In making this determination, the bankruptcy court was not obliged to give debtor a list of the specific adjustments that it made to each entry in the fee application. Neville v. Eufaula Bank & Trust Co. (In re U.S. Golf Corp.), 639 F.2d 1197, 1207 (5th Cir.1981). Nonetheless, the bankruptcy court undertook a substantive review. The care with which the bankruptcy court carried out this task is shown by its independent determination of the proper hourly fee, over the objection of the United States Trustee.
 
 
 10
 The bankruptcy court noted that the attorney handled "a simple straight forward reorganization case, with no complex issues and which required no innovative solutions." J.A. at 82. The court further considered the fact that dilatory tactics were used to obtain the debtor a "breathing spell." Id. at 83. Counsel caused further delay and expense to the estate by filing an adversary proceeding to prevent the Internal Revenue Service from collecting corporate back taxes from the principal shareholders. These dilatory tactics are in direct contravention of Rule 1001 of the Federal Rules of Bankruptcy Procedure, which states that "[t]hese rules shall be construed to secure the just, speedy, and inexpensive determination of every case and proceeding." Furthermore, the maneuver regarding taxes did not benefit the estate at all, but only served the individual interests of the principal shareholders, Mr. and Mrs. Hayes.
 
 
 11
 The bankruptcy court also found that counsel's fees should be reduced for excessive charges to the estate. Specifically, the court stated that nine hours for preparing and filing routine, ordinary motions and orders to employ himself, as well as an accountant, were excessive. Although the court did not deny all fees for these services, it took this into consideration when arriving at the total amount of fees to be awarded. Excessive and duplicative charges are routinely reduced in bankruptcy cases. See, e.g., In re R & B Institutional Sales, 65 B.R. 876, 882 (Bankr.W.D.Pa.1986).
 
 
 12
 In addition to expressing an overarching concern about burdening the estate with excessive charges, the bankruptcy court also disallowed particular charges for clerical work and local travel time. It is generally accepted that attorneys may not receive full compensation for non-professional work. Compensation for ministerial tasks that assist the lawyer in discharging his or her professional duties to the estate are not allowed, see, e.g., In re Microwave Prods. of Am., 102 B.R. 661, 664 (Bankr.W.D.Tenn.1989), because such compensation is assumed to be included within the hourly fee. Similarly, local travel time is an overhead expense built into a lawyer's hourly rate, except for situations in which the lawyer actually performs legal services during the travel time, or in which the travel time exceeds one hour, in which case billing at one half the attorney's hourly rate is permissible. In re S.T.N. Enters., 70 B.R. 823, 837 (Bankr.D.Vt.1987). Finally, we reject plaintiff's contention that disallowance of travel expenses constitutes an anti-trust violation.
 
 
 13
 In sum, the fees were properly calculated for the reasons given by the bankruptcy court and by the district court. Plaintiff cites no error of law, and the bankruptcy and district courts do not appear to have clearly erred in any determination of fact.
 
 III
 
 14
 Plaintiff's counsel next challenges the award of Rule 9011 sanctions. Federal Rule of Bankruptcy Procedure 9011 mirrors Federal Rule of Civil Procedure 11. A district court's award of Rule 11 sanctions is reviewed for abuse of discretion. Mihalik v. Pro Arts, Inc., 851 F.2d 790, 793 (6th Cir.1988).
 
 
 15
 Debtor argued that the Trustee does not have standing to participate in a Chapter 11 proceeding, citing 28 U.S.C. § 586 (1988), which enumerates the duties of the Trustee. Debtor conveniently ignored, however, the inconsistency between § 586 and 11 U.S.C. § 307 (1988), which was enacted several years later. Section 307 provides as follows: "The United States trustee may raise and may appear and be heard on any issue in any case or proceeding under this title but may not file a plan pursuant to 1121(c) of this title." 11 U.S.C. § 307.
 
 
 16
 Plaintiff was placed on notice of the undeniable effect of § 307 on his position with respect to § 586. See In re Hayes & Son Body Shop, 101 B.R. 514 (Bankr.W.D.Tenn.1989). If this were not enough, the Trustee expressly cited Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.), 898 F.2d 498 (6th Cir.1990), which is controlling on the same issue, in its memorandum in response to plaintiff's motion. The Trustee contends that
 
 
 17
 [c]onfronted with contrary case law, Mr. Cohn was required to consider altering his motion or otherwise to advise the court of distinctions between the case at bar and precedent within the circuit. As this Court held in Mann v. C & G Manufacturing, Inc., 900 F.2d 953, 959 (6th Cir.1990) "[a]fter the complaint is filed, plaintiffs' counsel retain a continuing responsibility to review their pleadings and, if necessary, modify them to conform with Rule 11."
 
 
 18
 Br. of Appellee at 21. On the facts of the instant case, we certainly agree.
 
 
 19
 This ruling is not meant to chill advocacy by suggesting that a party may not argue for a change in the law. To the contrary, a party must merely acknowledge that it is doing so and deal candidly with the obvious authority contrary to its position.
 
 IV
 
 20
 For the foregoing reasons, the judgment of the district court is AFFIRMED.