**In re G. WEEKS SECURITIES, INC., Debtor.**

**G. WEEKS SECURITIES, INC., Plaintiff,**

v.

**NAVY ORLANDO FEDERAL CREDIT UNION, Defendant.**

Bankruptcy No. 79–22564.
Adv. No. 80–0034.

United States Bankruptcy Court,
W. D. Tennessee, W. D.

March 13, 1980.

J. Richard Rossie, Memphis, Tenn., for plaintiff.

Richard E. Charlton, III, Memphis, Tenn., for defendant.

**MEMORANDUM OPINION**

WILLIAM B. LEFFLER, Bankruptcy Judge.

**I**

This cause came on to be heard upon the defendant's motion to quash service of proc-

ess, to dismiss for lack of personal jurisdiction over said defendant, to quash notice to take depositions and to postpone trial. The defendant, Navy Orlando Federal Credit Union, is a federally chartered credit union with its sole place of business in Orlando, Florida. The plaintiff, G. Weeks Securities, Inc., is a debtor in Chapter 11 reorganization proceedings in this Court.

On January 25, 1980, the plaintiff filed a complaint against the defendant in this Court. Said complaint was based upon breach of contract whereby it was alleged that the defendant repudiated and breached its agreement to accept delivery of certain GNMA (Government National Mortgage Administration) certificates on an accelerated basis. Pursuant to Bankruptcy Rule 704, the plaintiff caused a Summons and Notice of Trial to issue from this Court together with a copy of the aforesaid complaint. Said service of process was made on the defendant by first class United States mail carrying prepaid postage. Service of process was directed toward Walter Simon, a manager of the defendant, and Charles Williams, Esq., at their respective addresses in Orlando, Florida. The return receipts indicated that Mr. Williams received said process as addressee and that one L. Veatch received said process as an authorized agent of the defendant.

In addition to the aforesaid Summons and Notice of Trial and complaint, certain employees of the defendant were served with notice to take depositions. The depositions were to be taken on March 3, 1980, in Orlando, Florida. However, due to the defendant's filing of the instant motion on February 27, 1980, depositions have not been taken.

## II

The defendant contends that:

(1) the validity of service of process in this case is governed by T.C.A. § 20–235 (the Tennessee "Long Arm Statute");

(2) the plaintiff has failed to satisfy the requirements of T.C.A. § 20–235; and

(3) the case must be dismissed on the grounds that under applicable non-bankruptcy law this Court lacks *in personam* jurisdiction over the defendant.

If the motion of the defendant to quash service or dismiss is not granted, the defendant alternatively requests that the Court postpone the time for taking depositions until such time as an answer can be filed. Also the defendant alternatively requests that a new date be set for a hearing on the merits at a time subsequent to filing of an answer and completion of discovery.

The plaintiff contends that:

(1) Rule 704 of the Rules of Bankruptcy Procedure governs service of process in the instant case;

(2) Rule 704 has been complied with; and

(3) this Court does have *in personam* jurisdiction over the defendant pursuant to 28 U.S.C. § 1471.

## III

The issues to be decided are as follows:

(1) Was service of process properly effectuated?

(2) Does this Court have *in personam* jurisdiction over the defendant?

## IV

Of relevance to the instant case are the following provisions of Bankruptcy Rule 704:

"(a) Summons and Notice of Trial or Pre-Trial Conference: Issuance and Form: Service with Complaint. Upon the commencement of an adversary proceeding the bankruptcy judge shall set a date either for trial or for a pre-trial conference and shall forthwith issue a summons and notice of trial or pre-trial conference. *The summons and notice shall conform substantially to Official Form No. 26 and shall be served together with the complaint on the defendant in one of the modes authorized by this rule.*

.    .    .    .    .

"(c) Service by Mail. *Service of summons, complaint, and notice of trial or*

*pre-trial conference may also be made within the United States by first-class mail postage prepaid as follows: . . . (3) Upon a domestic or foreign corporation or upon a partnership or other unincorporated association, by mailing a copy of the summons, complaint, and notice directed to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.*

. . . . .

"(d) Service Pursuant to Court Order. (1) Service in Accordance with Federal Rule of Civil Procedure 4(e). *If a party cannot be served as provided in subdivision (b), (c), or (i) of this rule,* the court may order the summons, complaint, and notice of trial or pre-trial conference to be served as provided in Rule 4(e) of the Federal Rules of Civil Procedure for service of summons, notice, or order in lieu of summons.

. . . . .

"(f) Territorial Limits of Effective Service. (1) *The summons, together with the complaint and notice of trial or pre-trial conference, and all other process except a subpoena may be served anywhere within the United States.* 'United States,' as used in this subdivision, includes the Commonwealth of Puerto Rico and the territories and possessions to which the Act is or may hereafter be applicable." (Emphasis added).

As previously noted the defendant contends that service of process is governed by the Tennessee "Long Arm Statute." To support this argument the defendant cites Bankruptcy Rule 704(d)(1). The defendant notes that Rule 4(e) of the Federal Rules of Civil Procedure, made applicable to bankruptcy cases by Rule 704(d)(1), allows service of process pursuant to federal or applicable state statutes. Since there is no applicable federal statute, the defendant argues that the Tennessee "Long Arm Statute" controls.

The Court, however, disagrees with the defendant's conclusion. By its own terms, subsection (d)(1) of Bankruptcy Rule 704 applies only if a party cannot be served under Rule 704(b), (c), or (i). In the instant case an authorized agent of the defendant was properly served with process pursuant to Rule 704(c)(3). By utilizing that subsection of Rule 704, nationwide service of process was available under subsection (f)(1) of Rule 704. Therefore, the Court must deny the defendant's motion to quash service of process and hold that service of the summons, complaint and notice of trial was valid under Rule 704(c)(3) and (f)(1).

V

In addition to its motion to quash service of process, the defendant contends that this Court does not have *in personam* jurisdiction over the defendant. The defendant argues that 28 U.S.C. § 1471 was intended to expand only the Court's subject matter jurisdiction. The defendant further contends that said statute was not intended to confer *in personam* jurisdiction over a non-consenting defendant who has no contacts with the district in which the Bankruptcy Court sits. The Court is of the opinion, however, that the Legislative History of 28 U.S.C. § 1471 does not support the defendant's argument.

In 1970, Congress created the Commission on the Bankruptcy Laws of the United States for the purpose of studying and recommending changes in the bankruptcy laws. The Commission found several "objectionable results to the division of jurisdiction of the judicial business generated by the bankruptcy cases." See *1 Collier on Bankruptcy*, Par. 1.03, at page 1–18 (15th ed., 1979). In its final report filed with Congress on July 30, 1973, the Commission listed several of these "objectional results" that existed under the prior Bankruptcy Act. These included: (1) delay caused by litigating in non-bankruptcy forums, (2) extra expense to the bankrupt estate incurred by outside litigation, and (3) frequent, time-

consuming and expensive litigation regarding the question of summary versus plenary jurisdiction.

In order to overcome the problems of jurisdictional division that existed under the prior Bankruptcy Act, 28 U.S.C. § 1471 was enacted. That section reads as follows:

"(a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.

"(b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or related to cases under title 11.

*"(c) The bankruptcy court for the district in which a case under title 11 is commenced shall exercise all of the jurisdiction conferred by this section on the district courts.*

"(d) Subsection (b) or (c) of this section does not prevent a district court or a bankruptcy court, in the interest of justice, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11. Such abstention, or a decision not to abstain, is not reviewable by appeal or otherwise.

*"(e) The bankruptcy court in which a case under title 11 is commenced shall have exclusive jurisdiction of all of the property, wherever located, of the debtor, as of the commencement of such case."* (Emphasis added).

The Senate Report on 28 U.S.C. § 1471 contains the following relevant language:

"This section amends 28 U.S.C. 1334 relating to the jurisdiction of the U. S. district courts over bankruptcy proceedings. In deference to concern over the splintering of the jurisdiction of the district courts, original and exclusive jurisdiction of all bankruptcy cases shall remain in the district court, and the jurisdiction of the district courts over bankruptcy matters is expanded to include all

controversies arising out of or related to a case under title 11. *However, a statutory scheme has been adopted whereby the totality of this jurisdiction, subject only to the exceptions set forth in subsection (d) of this section, shall be exercised by the bankruptcy court, which is created as an adjunct of each U. S. district court.*

. . . . .

"Subsection (b) grants to the U. S. district courts original, but not exclusive, jurisdiction of all civil proceedings arising under title 11 or arising under or related to cases under title 11. This broad grant of jurisdiction will enable the bankruptcy courts, which are created as adjuncts of the district court for the purpose of exercising the jurisdiction, to dispose of controversies that arise in bankruptcy cases or under the bankruptcy code. Actions that formerly had to be tried in the State court or in the Federal district court, at great cost and delay to the estate, may now be tried in the bankruptcy court. *The idea of possession and consent as bases for jurisdiction is eliminated. The adjunct bankruptcy courts will exercise in personam jurisdiction as well as in rem jurisdiction in order that they may handle everything that arises in a bankruptcy case."* (Emphasis added.)

1 Collier on Bankruptcy, Par. 3.01, at pages 3–33, 3–34 (15th ed., 1979); S.Rep.No. 989, 95th Cong., 1st Sess. 153–54 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5939.

Although some difference existed between the House and Senate versions of § 1471, both reports are in accord regarding the expanded jurisdiction of bankruptcy courts under § 1471. The relevant portions of the House Report are as follows:

"Subsection (b) is a significant change from current law. It grants the bankruptcy court original (trial), but not exclusive, jurisdiction of all civil proceedings arising under title 11 or arising under or related to cases under title 11. This is the broadest grant of jurisdiction to dispose of proceedings that arise in

bankruptcy cases or under the bankruptcy code. *Actions that formerly had to be tried in State court or in Federal district court, at great cost and delay to the estate, may now be tried in the bankruptcy courts. The idea of possession or consent as the sole bases for jurisdiction is eliminated. The bankruptcy court is given in personam jurisdiction (sic) as well as in rem jurisdiction to handle everything that arises* in a bankruptcy case." (Emphasis added).

*1 Collier on Bankruptcy*, Par. 3.01, at pages 3–34, 3–35 (15th ed., 1979); H.R.Rep. No.595, 95th Cong., 1st Sess. 445–46 (1977), U.S.Code Cong. & Admin.News 1978, p. 6400.

Based on the above cited authorities, it is clear that § 1471 of the Bankruptcy Code was intended as "a comprehensive grant of jurisdiction to the bankruptcy courts over all controversies arising out of any bankruptcy or rehabilitation case." *1 Collier on Bankruptcy*, Par. 1.03, at page 1–21 (15th ed., 1979). In addition the Bankruptcy Court is given exclusive jurisdiction over property of the estate. *1 Collier on Bankruptcy*, Par. 3.01, at page 3–36 (15th ed., 1979); 124 Cong.Rec.S17, 424 (daily ed. Oct. 6, 1978). To accept the defendant's argument would defeat the express intent of both the Senate and the House to grant bankruptcy courts both *in personam* and *in rem* jurisdiction to decide controversies arising from or relating to bankruptcy cases. Therefore, the Court holds that the defendant's motion to dismiss for lack of *in personam* jurisdiction is hereby denied.

### VI

The depositions that have been scheduled are hereby postponed to be reset upon application, and the defendant, Navy Orlando Federal Credit Union, is allowed 15 days from this date to file an answer. The complaint is set for trial on April 28, 1980, at 9:30 A. M.