**In the Matter of GEX KENTUCKY, INC., Debtor,**

**GEX KENTUCKY, INC., Plaintiff,**

**v.**

**WOLF CREEK COLLIERIES COMPANY, et al., Defendants.**

**Bankruptcy No. 686–00506. Adv. No. 687–0056.**

United States Bankruptcy Court, N.D. Ohio.

Sept. 21, 1987.

Thomas Hildebrandt, and Jeffrey Baddeley of Squire, Sanders & Dempsey, Cleveland, Ohio, for GEX Kentucky, Inc.

John Reyes, and Karen Doty of Buckingham, Doolittle & Burroughs Co., L.P.A., Akron, Ohio, for Edwin Wilson, June Marsh Wilson, Rees Cecil Chapman and Dorothy Wilson Chapman.

## MEMORANDUM OF DECISION

JAMES H. WILLIAMS, Chief Judge.

This matter comes before the court on a Motion to Dismiss filed on behalf of defendants Edwin Wilson, June Marsh Wilson, Rees Cecil Chapman and Dorothy Wilson Chapman. (Wilson/Chapman). Plaintiff, GEX Kentucky, Inc. (GEX) initiated this adversary proceeding by filing a complaint, subsequently amended, to determine ownership of and damages to certain real property located in Kentucky. Wilson/Chapman move for dismissal based upon lack of subject matter jurisdiction and lack of personal jurisdiction. In the alternative, Wilson/Chapman ask this court to abstain, pursuant to 28 U.S.C. § 1334(c), or (2) transfer the case to a bankruptcy court in Kentucky. Subsequent to Wilson/Chapman filing their Motion to Dismiss, GEX filed a Motion for Leave to Amend Complaint. Wilson/Chapman oppose this motion. This memorandum will consider Wilson/Chapman's Motion to Dismiss based on subject matter and personal jurisdiction or, in the alternative, a change of venue, and GEX's Motion for Leave to Amend Complaint. Wilson/Chapman's Motion to Abstain need not, in the court's view, be decided at this juncture and the court will take that motion under advisement. *See* Bankruptcy Rule 5011(c).

### FACTS

This adversary proceeding was commenced on April 18, 1987 by GEX. The complaint was amended on July 7, 1987 and asserts that defendants Wolf Creek Collieries Company, (Wolf Creek) Wilson/Chapman and other named defendants have committed trespass on four parcels of land in Kentucky (referred to hereinafter as exclusions), that GEX claims to own, and conversion of coal from those exclusions. GEX, in its amended complaint, requests judgment against Wolf Creek in the amount of $750,000.00 compensatory damages and $1,000,000.00 punitive damages plus interest and further demands that a permanent injunction be issued against Wolf Creek from using the exclusions. Wolf Creek denies the allegations in its answer and alleges that through leases executed by Wilson/Chapman it has rightful possession of the mineral rights underlying the exclusions. In the alternative, Wolf Creek requests this court to institute the State of Kentucky's Eminent Domain Act.

KRS § 381.635. Wilson/Chapman in their answer deny the allegations in the complaint, claim ownership of the mineral rights underlying the exclusions and assert the defenses now before this court in their motions.

A pre-trial conference was held on August 20, 1987 during which, along with other matters, it was decided that a trial would commence on September 23, 1987 which would be limited to a determination of the nature and extent of the interest of GEX in the four exclusions.

Subsequent to this pre-trial conference, Wilson/Chapman filed their Motion to Dismiss and GEX filed its Motion for Leave to Amend Complaint.

## DISCUSSION

### A.

The jurisdiction of this court is defined in 28 U.S.C. § 1334 which provides in relevant part:

> . . . . .
>
> (b) ... the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

Nowhere in Section 1334 are the phrases "arising under," "arising in" or "related to" defined, but case law and the leading commentator provide guidance.

■ "Arising under" Title 11 has come to mean causes of action which either are created by Title 11 or which are concerned with matters pertaining to the administration of a bankruptcy estate. Illustrations of proceedings arising under Title 11 include appointment of a trustee under Chapter 11, a motion to extend financing, confirmation of plans and objections to discharge. 1 Collier on Bankruptcy para. 3.01 (15th Ed.1987) (citations omitted).

Clearly the instant proceeding, which involves a determination as to ownership of real property, does not fall into the category of a case arising under Title 11.

Proceedings arising in Title 11 cases have come to include counterclaims by the estate against persons filing claims against the estate, order for turnover of property, determination of the validity, extent or priority of liens and administrative matters which may further include such matters as allowance of claims, discharges and assumption or rejection of contracts. In none of these instances is there a cause of action created by statute nor could any of these matters have been the subject of a lawsuit absent the filing of the bankruptcy case. *See, Id.* para. 3.01 (citations omitted).

Accordingly, the instant adversary proceeding may not be said to arise in a case under Title 11. It involves, as noted, the determination of ownership of real property and issues of trespass and conversion. Certainly, the causes of action before this court could have been the subject of a lawsuit absent the filing of the bankruptcy case.

■ The final classification of proceedings are those related to cases under Title 11. The Sixth Circuit Court of Appeals in *In re Salem Mortgage Company*, 783 F.2d 626 (1986) stated:

> Courts have developed different tests in determining whether subject matter jurisdiction exists in a proceeding claimed to be "related to" a particular bankruptcy case. Some courts would find jurisdiction only where the action clearly involved property of the estate ... or where determination of the controversy is required for the proper administration or reorganization of the estate. Another test finds jurisdiction whenever the outcome of the proceeding could conceivably have any effect upon the estate being administered in bankruptcy. Although situations may arise where an extremely tenuous connection to the estate would not satisfy the jurisdictional requirement, we believe that a broader interpretation of the statute more closely reflects the Congressional intent in adopting the new bankruptcy laws.

*Id.* at 634 (citations omitted). *See also, In re Southern Industrial Banking Corp.*, 809 F.2d 329 (6th Cir.1987).

The following causes of action have been determined to be related to Title 11: breach

of contract, breach of warranty, tortious interference with a contractual relationship and actions to collect accounts receivable. 1 Collier on Bankruptcy 3.01 (15th Ed.1987) (citations omitted).

Based on this authority and the Sixth Circuit's statement in *Salem, supra,* that the "related to" category be given a broad interpretation, the court finds that GEX's claims are "related to" types of proceedings and this court has subject matter jurisdiction.

Inherent in this decision that this proceeding is related to Title 11 is the determination that it is a non-core proceeding. *In re Dr. C. Huff Company, Inc.,* 44 B.R. 129 (Bankr.W.D.Ky.1984). Therefore, this court may hear the proceeding but it may not issue final judgment or orders absent the consent of the parties. It must instead submit proposed findings of fact and conclusions of law to the district court. 28 U.S.C. § 157(c)(1).

Additionally, 28 U.S.C. § 1334(d) provides:

The district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction of all the property, wherever located, of the debtor.

GEX claims ownership of both surface and mineral rights of the four exclusions. The fact that Wolf Creek and Wilson/Chapman challenge GEX's ownership of this property does not remove it from the jurisdiction of this court.

### B.

■ Wilson/Chapman also assert that this court lacks personal jurisdiction over them due to the fact they have no minimum contacts with this state or this bankruptcy court. *International Shoe v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). It is, of course, a well-established principle that the bankruptcy court is endowed with in personam jurisdiction for litigating all matters which arise in bankruptcy. *In re Van Huffel Tube Corp.,* 71 B.R. 145 (Bankr.N.D.Ohio 1987); *In re Bell & Beckwith,* 41 B.R. 697 (Bankr.N.D.Ohio 1984). The theory of minimum contacts upon which personal jurisdiction is customarily established does not apply in bankruptcy cases. *In re Bell & Beckwith, supra.*

The contention of Wilson/Chapman is that the minimum contact requirement applies to the instant adversary proceeding in that it is a non-core proceeding. (Citing Judge Keith's dissent in *Haile v. Henderson National Bank,* 657 F.2d 816 (6th Cir.1981).

The court however is not persuaded by this argument in light of Bankruptcy Rule 7004(a) and (d), including the recent amendments thereto, and the desire to avoid fragmentation of litigation involving a bankruptcy estate.

Rule 7004(a) provides that F.R.Civ.P. 4 applies in adversary proceedings. Rule 7004(d) provides for nationwide service of process. Nowhere does Rule 7004 make a distinction among the classifications of adversary proceedings. Proceedings arising under, arising in or related to a case under Title 11, core and non-core, are all adversary proceedings that receive the same treatment under Rule 7004.

Also, on March 30, 1987, the Bankruptcy Rules were promulgated by the Supreme Court, effective August 1, 1987. Rule 7004(a) and 7004(d) were not amended to differentiate among various classifications of adversary proceedings. Arguably, if the draftsmen of the Rules desired there to be different treatment for different classes of adversary proceedings, they would have so provided.

Finally, the purpose of giving bankruptcy courts in personam jurisdiction in bankruptcy matters is to avoid the fragmentation of litigation that is often a factor in administering a bankruptcy estate. *In re Bell & Beckwith,* 41 B.R. at 699. Therefore, it appearing that Wilson/Chapman have been properly served with notice of this litigation and that this court has in personam jurisdiction over them, Wilson/Chapman's Motion to Dismiss for lack of personal jurisdiction must be denied. *See, In re Table Talk, Inc.,* 49 B.R. 485

(Bankr.Mass.1985); *In re B.W. Development,* 49 B.R. 129 (Bankr.W.D.Ky.1985).

### C.

Wilson/Chapman next assert that if the issues involving them are determined to be related to Title 11, which this court has decided, then it is in the best interest of all parties to transfer the matter to the appropriate bankruptcy court in Kentucky.

28 U.S.C. § 1409(a) is controlling:

... a proceeding under title 11 or arising in or relating to a case under title 11 may be commenced in the district court in which such case is pending.

Once a proceeding has been commenced in a particular court, 28 U.S.C. § 1412 provides that:

A district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties.

■ The decision as to whether to transfer a case or proceeding lies within the sound discretion of the court requested to effect the transfer. *In re Butcher,* 46 B.R. 109 (Bankr.N.D.Ga.1985); *In re Med General, Inc.,* 17 B.R. 13 (Bankr.Minn. 1981). The burden of proof rests upon the party requesting the transfer to prove by a preponderance of the evidence that such a transfer is warranted. *In re Butcher, supra; In re Whippany Paper Board Company, Inc.,* 15 B.R. 312 (Bankr.N.J.1981);

*In re Nixon Machinery Co.,* 27 B.R. 871 (Bankr.E.D.Tenn.1983).

■ Motions to transfer venue require the court to undertake a balancing of factors.[1] Of all the considerations the courts have weighed in this process, the most important one is whether the transfer would promote the "economic and efficient administration of the estate." *In re Commonwealth Oil Refining Co., Inc.,* 596 F.2d 1239 (5th Cir.1979), *cert. denied* 444 U.S. 1045, 100 S.Ct. 732, 62 L.Ed.2d 731 (1980); *In re Cole Associates, Inc.,* 7 B.R. 154 (Bankr.Utah 1980); *In re Nixon Machinery Co., supra, In re Butcher, supra.* "This consideration underlies the general rule that the court where the bankruptcy case is pending is the proper venue for all related proceedings within the court's jurisdiction." *Butcher,* 46 B.R. at 113.

■ Wilson/Chapman recite a long list of reasons they feel demonstrate the need for transfer.[2] The court is satisfied that the transfer would not promote the efficient and economic administration of the debtor's estate. Further, the additional costs of litigating in a distant court militate against the factors in favor of the transfer.[3] Thus the court finds that Wilson/Chapman have not met their burden of persuasion and the Motion to Transfer Venue will therefore be denied.

### D.

■ The court now turns to GEX's Motion for Leave to Amend Complaint. GEX

---

1. Courts have studied a variety of components to determine whether to retain or transfer a proceeding. For a review of the factors various courts consider, *see e.g. In re Commonwealth Refining Co., Inc.,* 596 F.2d 1239 (5th Cir.1979), *cert. denied,* 444 U.S. 1045, 100 S.Ct. 732, 62 L.Ed.2d 731 (1980). *In re Butcher,* 46 B.R. 109 (Bankr.N.D.Ga.1985); *In re Landmark Capital Co.,* 20 B.R. 220 (Bankr.S.D.N.Y.1982); *In re Bell & Beckwith,* 41 B.R. 697 (Bankr.N.D.Ohio 1984); *In re W.W.G. Industries, Inc.,* 8 C.B.C.2d 589 (Bankr.N.D.Ga.1983).

2. (1) proximity of witnesses to the court; (2) proximity of assets; (3) economics of administration of proceeding; (4) relative ease of access to sources of proof; (5) availability of compulsory process for attendance of unwilling witnesses; (6) enforceability of judgment; and (7)

the states' interest in having local controversies resolved within state borders when states' laws are being applied in the action.

3. The court has on several previous occasions observed that a debtor undergoing Chapter 11 reorganization proceeding has a limited amount of resources and therefore the additional cost of litigating in a distant court is a powerful argument against transfer. *See, Pennsylvania Tire Company v. Midwest Wholesale Tire Company,* Adv. No. 682–0712 (Bankr.N.D.Ohio Feb. 9, 1984); *Pennsylvania Tire Company v. Chapman Tire Company,* Adv. No. 680–0117 (Bankr.N.D. Ohio Sept. 17, 1980); *Mansfield Tire & Rubber Company v. George D. Holmes Tire Company,* Adv. No. 680–0153 (Bankr.N.D.Ohio, Oct. 22, 1980).

asserts its amendment "merely reflects the position taken by the New Party Defendants (Wilson/Chapman) in their answers to the Second Amended Complaint."

Wilson/Chapman oppose GEX's Motion claiming that at this late date, after the final pre-trial conference and approximately two weeks before trial, amendment is prejudicial to them. Wilson/Chapman also contend that the new issues raised by GEX inspire additional jurisdictional questions and a new question is raised as to this court's power to grant an injunction.

The relevant sections of the proposed complaint in its newly amended form are:

14. Wolf Creek and defendants Dorothy Wilson Chapman, Rees Cecil Chapman, Edwin Wilson, and June Marsh Wilson wrongly claim to have acquired an interest in the David Evans Exclusion, the Graveyard Exclusion, the Wilson Evans Exclusion, and the coal mined from those properties by reason of the aforementioned April 15, 1921 Deed of Conveyance.

19. Wolf Creek and defendants Dorothy Wilson Chapman, Rees Cecil Chapman, Edwin Wilson, and June Marsh Wilson wrongfully claim to have acquired an interest in the Jeff Evans Exclusion and the coal mined therefrom by reason of the aforementioned April 15, 1921 Deed of Conveyance.

WHEREFORE, GEX Kentucky, Inc. prays that: 1) this Court declare that GEX Kentucky, Inc. now owns the fee or the above-described undivided interests in the property and coal now or formerly beneath the surface of the David Evans Exclusion, The Graveyard Exclusion, the Wilson Evans Exclusion, and the Jeff Evans Exclusion, and that Wolf Creek and defendants Edwin Wilson, June Marsh Wilson, Dorothy Wilson Chapman and Rees Cecil Chapman have no interest therein except those purchased by Wolf Creek in and after November 1986; ...

5) a permanent injunction be issued against defendants Edwin Wilson, June Marsh Wilson, Dorothy Wilson Chapman and Rees Cecil Chapman preventing them from leasing, purporting to lease, or otherwise exerting dominion and control over any portion of the David Evans Exclusion, The Graveyard Exclusion, the Wilson Evans Exclusion and/or the Jeff Evans Exclusion. ...

Rule 15(a) of the Federal Rules of Civil Procedure states in relevant part:

... a party may amend the party's pleading only by leave of court ...; and leave shall be freely given when justice so requires.

The court finds that allowing GEX to amend its complaint is in the interest of justice. Defendants Wilson/Chapman will not be prejudiced by such amendment since the trial that will commence on September 23, 1987 is limited solely to the issue of GEX's interest in the four exclusions. No determination of damages or other relief will be addressed. Therefore, the Motion for Leave to Amend Complaint filed on behalf of GEX Kentucky, Inc., is hereby granted.

### SUMMARY

In conclusion the court finds:

(1) This proceeding is related to Title 11 and thus this court has subject matter jurisdiction;

(2) This being a "related to" proceeding, this court, pursuant to 28 U.S.C. § 157, is authorized to hear the instant proceeding but absent the consent of all the parties, may not enter a final judgment;

(3) The court has in personam jurisdiction over all of the parties;

(4) The reasons advanced by Wilson/Chapman for a change of venue are not persuasive that a transfer to a bankruptcy court in Kentucky is in the best interests of the parties; and

(5) The Motion by GEX, for Leave to Amend Complaint, is well taken.

As for Wilson/Chapman's Motion for Abstention, the court will, as previously stated in this memorandum, take the motion under advisement. Bankruptcy Rule 5011(c) provides in relevant part:

The filing of a motion for ... abstention pursuant to 28 U.S.C. § 1334 shall not stay the administration of the case or

any proceeding therein before the bankruptcy judge except that the bankruptcy judge may stay, on such terms and conditions as are proper, proceedings pending disposition of the motion.

The court determines that in the interest of all the parties and judicial efficiency, the trial scheduled on September 23, 1987 will proceed. Disposition of the issues scheduled for trial will not prejudice Wilson/Chapman or their Motion for Abstention since the basis of their motion is their right to a jury trial. The trial to be conducted on September 23, 1987 has been limited to a determination of the parties' interests in the four exclusions and no right to a jury trial exists in a declaratory judgment proceeding. *Davis v. Huge*, 21 F.R.Serv.2d 211 (E.D.Ky.1975) (declaratory judgment proceedings are equitable in nature and therefore no right to a jury trial exists).

An order consistent herewith shall issue.

For the reasons set forth in the accompanying Memorandum of Decision the court finds: (1) the Motion to Dismiss based upon lack of subject matter and personal jurisdiction filed on behalf of defendants, Edwin Wilson, June Marsh Wilson, Rees Cecil Chapman and Dorothy Wilson Chapman, not to be well taken; (2) the Motion for Change of Venue filed on behalf of defendants, Edwin Wilson, June Marsh Wilson, Rees Cecil Chapman and Dorothy Wilson Chapman, not to be well taken; (3) the Motion for Abstention filed on behalf of defendants, Edwin Wilson, June Marsh Wilson, Rees Cecil Chapman, Dorothy Wilson Chapman, should be taken under advisement; and (4) the Motion for Leave to Amend Complaint filed on behalf of GEX Kentucky, Inc. should be granted.

IT IS THEREFORE ORDERED that the Motion to Dismiss and Motion for Change of Venue filed on behalf of defendants, Edwin Wilson, June Marsh Wilson, Rees Cecil Chapman and Dorothy Wilson Chapman, are DENIED, the Motion for Abstention filed on behalf of defendants, Edwin Wilson, June Marsh Wilson, Rees Cecil Chapman and Dorothy Wilson Chapman, will be taken under advisement by the court and the Motion for Leave to Amend Complaint filed on behalf of GEX Kentucky, Inc. is GRANTED.

IT IS FURTHER ORDERED that trial on this matter will proceed before this court on September 23, 1987 at 9:00 a.m. Said trial will be limited to a determination of the nature and extent of the interest of GEX Kentucky, Inc. in the four parcels of land at issue in this adversary proceeding.