**In re THINGS REMEMBERED, INC., Plaintiff,**

**v.**

**BGTV, INC., et al., Defendant.**

**Bankruptcy No. B92–1567.**

United States Bankruptcy Court, N.D. Ohio, E.D.

March 15, 1993.

Mark A. Gamin, Thompson, Hine & Flory, Cleveland, OH, Steven D. Cundra, Thompson, Hine & Flory, Washington, DC, for plaintiff.

R. Scott Haley, Akron, OH, for defendants BGTV, Inc., BGTP, Inc., Bankers Guarantee Title & Trust Co.

John C. Weisensell, Andrew Duff, Jack Morrison, Armer, Cunningham & Brennan Co., for defendant Anthony A. Petrarca.

## MEMORANDUM OF OPINION AND ORDER

RANDOLPH BAXTER, Bankruptcy Judge.

The Plaintiff, Things Remembered, Inc. (Things Remembered) caused the above-styled case to be removed to this Court from the state court. Prior to the removal, Things Remembered filed declaratory ac-

tions in the state court in which the defendant, BGTV, Inc., and the other co-defendants herein were named parties defendant. Subsequent to the removal, BGTV, Inc., BGTP, Inc. and The Bankers Guarantee Title & Trust Company (collectively referred to as "BGTV") filed the present matter seeking to have the Court remand the case to the state court for further adjudication. In view of the foregoing findings of fact and conclusions of law, the Court abstains and the case is remanded to the state court for further proceedings.

## I.

Things Remembered is the successor by merger to Cole National Corporation (Cole National). Prior to the merger, Cole National was the parent corporation of an entity known as Child World, Inc. (Child World) through June 21, 1991, when it sold its interest in Child World to various entities. While serving as parent corporation to Child World, Cole National guaranteed certain commercial real estate leases (The Leases) entered into by Child World, as tenant, with several lessors. When Cole National sold its interest in Child World in 1991, it received a written indemnification agreement from Child World relative to Cole National's continuing liability on the guaranties.

On May 6, 1992, Child World sought voluntary relief under Chapter 11 by filing its bankruptcy petition in the United States Bankruptcy Court for the Southern District of New York. In Child World's bankruptcy, the subject leases were rejected. Things Remembered, as well as the affected lessors, their assigns or successors, filed their respective proofs of claim in that bankruptcy case. Things Remembered is not the subject of a bankruptcy filing. Nor is any party defendant to this action the subject of a bankruptcy filing. The matter, as filed in this Court, is noncore related. See, 28 U.S.C. 157(c)(1).

## II.

The lawsuits filed in the state courts are all declaratory judgment actions initiated by Things Remembered, seeking a declaration that Things Remembered is not liable under certain guaranties. In the state court actions, the landlords counterclaimed for damages resulting from the alleged breach of the leases. Things Remembered has removed from the state courts to the federal courts all claims filed against it which seek recovery of damages on the guaranties. With respect to the present case, the defendants' claims were filed as counterclaims in response to Things Remembered's lawsuit for declaratory judgment.

On September 11, 1992 Things Remembered initiated its state court action against BGTV and A. Petrarca. All of the parties defendant reside in either Summit or Cuyahoga County, Ohio. The state court action seeks declaratory relief on the guaranty only. All defendants herein counterclaimed against Things Remembered for damages on the guaranty. On November 11, 1992, Things Remembered filed its Notice of Removal in this Court removing only those counterclaims seeking damages on the guaranty. The Notice of Removal for Petrarca was filed separately on December 15, 1992 as a result of Petrarca filing his counterclaims subsequent to removal of the BGTV counterclaims.

## III.

The initial issue for disposition is whether the operative facts, as presented, allow an exercise of this Court's jurisdiction. Things Remembered removed the case to this Court from the state court as a jurisdictional prerequisite to changing venue. In this regard, Things Remembered, upon removal, filed its Motion to Transfer the case to the Southern District of New York.

The court's jurisdiction over a matter must be established before non-jurisdiction issues can be addressed. *Lone Star Indus., Inc. v. Liberty Mutual Ins.*, 131 B.R. 269, 272 (D.Del.1991), *citing, Shendock v. Director OWCP*, 893 F.2d 1458, 1466–67 (3d Cir.), *cert. den.*, 498 U.S. 826, 111 S.Ct. 81, 112 L.Ed.2d 53 (1990). Thusly, the remand issue must be considered initially to determine whether the action was removed properly from the state court.

Under the removal statute [28 U.S.C. § 1452(b)], the court to which a cause of action is removed may remand such cause of action on any equitable ground.

### IV.

Applicable Law:

#### Standards for Remand

28 U.S.C. § 1452(b) provides:

The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise.

#### Standards for Abstention

28 U.S.C. § 1334(c)(2):

Upon timely motion of a party in a proceeding based upon a state law claim or state law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a state forum of appropriate jurisdiction.... [1]

■ Mandatory abstention is required if the conditions of 28 U.S.C. § 1334(c)(2) are satisfied: (1) a motion is filed timely; (2) the action involves a state law claim; (3) the basis for removal is related to jurisdiction; (4) the action could not have been commenced in a district court absent 28 U.S.C. § 1334; and (5) the action is commenced and can be adjudicated in a timely manner in state court. *Dunkirk Limited Partnership v. TJX Cos., Inc.*, 139 B.R. 643, 645 (N.D.Ohio 1992; *In re Revco, D.S., Inc.*, 99 B.R. 768 (N.D.Ohio 1989).

#### Standards for Transfer Of Venue

Two statutes address the issue of transfer. Chapter 28 U.S.C. § 1412 states:

A district court may transfer a case or proceeding under Title 11 to a district court for another district, in the interest of justice or for the convenience of the parties.

Chapter 28 U.S.C. § 1404(a) states:

[F]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

### V.

■ This Court has subject matter jurisdiction to determine issues of remand and transfer. For the reasons articulated in *In re Salem Mortgage Co.*, 783 F.2d 626 (6th Cir.1986), subject matter jurisdiction to determine the remand issue exists in this court as the claims of BGTV against Things Remembered are noncore but related to Child World's bankruptcy. Moreover, this Court is cloaked with the requisite authority to enter a final order on this related matter by virtue of 28 U.S.C. § 1334(b), § 157(a) and General Order No. 84. *See In re Kersting*, 85 B.R. 61 (Bankr. S.D.Ohio 1988). Further, mandatory abstention applies.

■ Equitable considerations relevant to the issue of remand have been found as follows: (1) duplicative and uneconomical effort of judicial resources; (2) prejudice to the involuntarily removed parties; (3) forum non conveniens; (4) a holding that a state court is better able to respond to a suit involving questions of state law; (5) comity considerations; (6) lessened possibility of an inconsistent result; and (7) the expertise of the court in which the matter was pending originally. *Gorse v. Long Neck, Ltd.*, 107 B.R. 479, 482 (D.Del.1989); *In re Revco, D.S., Inc.*, 99 B.R. 768, 776 (N.D.Ohio 1989).

---

1. Under 28 U.S.C. 151, bankruptcy judges, in regular active service, constitute a unit of the district court and, as such, "may exercise the authority conferred under this chapter with respect to any action, suit, or proceeding...."

■ The facts of this case favor remand. Things Remembered has only removed certain but not all pending counterclaims to this Court. The removed claims are premised upon state contract law issues relating to guaranties. The declaratory action and remaining counterclaims will continue to be adjudicated in the state court. To determine the issues removed to it, the Bankruptcy Court will utilize the identical state contract law and proof respecting the guaranty issues that will be adjudicated in the state court. Thus, removal results in a duplication of litigation with respect to the guaranty at issue. Avoidance of duplication is a factor to be considered upon a motion to remand.

Things Remembered argues that duplication results if the removed claims are permitted to remain in the state court action. Things Remembered contends that the removed claims are currently pending before the U.S. Bankruptcy Court for the S.D.N.Y. and thus permitting the claims to go forward in state court is duplicitous. The only claims BGTV could have pending in the Child World Bankruptcy are its claims for lease rejection damages. Those claims are based upon the lease contract with Child World. BGTV's claims on its guaranty are against Things Remembered, not Child World, as Child World was not a party to the guaranty. The guaranty claims are separate and distinct from the lease rejection claims. Litigation of the guaranty claims will require different sources of proof. The guaranty claims removed to this court are not pending in the New York case and should appropriately be heard by the State court in conjunction with the claims seeking declaratory relief on the guaranty. Remand of the claims avoids duplication, failure to remand creates duplication.

Things Remembered also argues that the removed claims seeking damages on the guaranty cannot be heard until the Bankruptcy Court first decides Child World's obligations under the lease pursuant to § 502(b)(6). Things Remembered attempts to distinguish a "guaranty of obligations" under a lease from a "guaranty of lease."

■ Things Remembered states that it only guaranteed Child World's obligation under the lease. Thus, to the extent those obligations are discharged in bankruptcy, Things Remembered's obligations under its guaranty are, correspondingly, discharged. Things Remembered cites to a single case in support of its distinction; *Western Bank—Downtown v. Carline*, 757 S.W.2d 111 (Tex.App.—Houston [1st Dist.] 1988), *cert. denied* (1988). The clear weight of authority does not support Things Remembered's proposition. A guarantor's liability to a lessor is not limited to the amount of § 502(b)(6) damages. *Kopolow v. PM Holding Corp.*, 900 F.2d 1184 (8th Cir. 1990), *Bel–Ken Assoc. Ltd. Partnership v. Clark*, 83 B.R. 357 (Dist.D.Md.1988); *In re Stollers, Inc.*, 93 B.R. 628, 635 (Bankr. N.D.Ind.1988); *In re American Hardwoods, Inc.*, 885 F.2d 621, 625–28 (9th Cir. 1989); *In re Scranes, Inc.*, 67 B.R. 985, 989–90 (Bankr.N.D.Ohio 1986). Furthermore, whether Things Remembered's argument that a guaranty of obligations under a lease is distinct from a guaranty of a lease, is a state law issue best decided by state court.

Finally, the fact that Things Remembered chose the state court forum for its declaratory judgment action is a compelling factor in favor of remand. Things Remembered's action conceivably could have been initiated as a proceeding in the New York bankruptcy case. Indeed, Things Remembered is an active party in that action as it has submitted proofs of claim therein. Yet, Things Remembered voluntarily caused litigation here in Ohio, notwithstanding its choice of venues. It cannot now be heard to complain when required to proceed to litigate all guaranty issues in the forum of its original choice. *See, Lone Star Industries, Inc. v. Liberty Mutual Ins. Co.*, 131 B.R. 269 (D.Del.1991). All of the circumstances which Things Remembered presently advances as support for its motion to transfer venue were present when it originally chose the state court forum.

Each element of the § 1334(c)(2) mandatory abstention statute is satisfied in this action:

1. *The Motion To Remand was timely filed.* There is no statutorily fixed deadline for filing a motion to abstain or remand. Indeed, the Sixth Circuit has held that a motion to abstain was timely filed eight months after removal. *Robinson v. Michigan Consolidated Gas Co.,* 918 F.2d 579 (6th Cir.1990). Here, the motion to abstain as contained in the motion to remand was filed 25 days after the claims were removed, well within the guidelines set by the Sixth Circuit.

2. *The action involves state law claims.* Specifically, this action involves contract rights as contained in a guaranty agreement.

3. *The basis for removal is related to jurisdiction.* Indeed, the action was removed as it was related to a Title 11 action thereby rendering appropriate jurisdiction in this court.

4. *The state action does not involve diversity or a federal question and could only be commenced in district court pursuant to 28 U.S.C. § 1334.*

5. *The action has been commenced in state court and can be adjudicated there in a timely manner.* There is no applicable co-debtor stay (*Lynch v. Johns–Manville Sales Corp.,* 710 F.2d 1194 (6th Cir.1983)), and Child World's case, filed in New York, has not sought to enjoin the state court action. There is no basis demonstrated to find that the state court action will not be adjudicated in a timely manner. Accordingly, all elements having been met, this court must abstain from hearing the Plaintiff's action against BGTV and its co-defendants.

Herein, Things Remembered initially chose the state court forum to prosecute its action against the defendants. Upon removal to this Court, Things Remembered now seeks to have the action transferred to the Southern District of New York for further proceedings. Clearly, the underlying action is a non-core state law contract action.

The requirements of § 1412 are clearly disjunctive. Court decisions have reflected difficulty in determining whether the requirements in § 1404(a) are disjunctive,

conjunctive or require a balancing of factors. *See Farris v. Satzinger,* 681 F.Supp. 485 (N.D.Ill.1987) (consider whether similar actions are pending in other federal courts but only if they can be consolidated); *Frazier v. Commercial Credit Equip. Corp.,* 755 F.Supp. 163 (S.D.Miss.1991) (consider convenience of the court); *Coffee v. Van Dorn Iron Works,* 796 F.2d 217 (7th Cir. 1986) (interest of justice standard is separate, determinative factor); *Continental Oil Company v. Dept. of Energy,* 469 F.Supp. 236 (D.C.Del.1979) (interest of justice requires balancing of conservation of judicial resources, avoidance of inconsistent adjudications, and avoidance of prejudice to plaintiff); *In re Fine Paper Antitrust Litigation,* 685 F.2d 810 (3rd Cir.1982) (systemic convenience and efficiency of trying action in one court can outweigh party convenience); *Gelder v. Taylor,* 621 F.Supp. 613, 620 (D.C.Ill.1985) (interest of justice requires consideration of access to sources of proof).

■ In *Matter of GEX Kentucky, Inc.,* 85 B.R. 431 (Bankr.N.D.Ohio 1987), the court evaluated a transfer motion pursuant to § 1412 and ultimately found that the moving party had not met its burden of proof. The court in *GEX Kentucky* referred to *In re Bell & Beckwith,* 41 B.R. 697 (Bankr.N.D.Ohio 1984) for the factors to be considered upon a motion to transfer under § 1412. Those factors are:

1. the relative ease of access to sources of proof;

2. availability of compulsory process for attendance of unwilling, and the cost of obtaining the attendance of willing, witnesses;

3. the enforceability of judgment if one is obtained;

4. relative advantages and obstacles to fair trial;

5. a local interest in having localized controversies decided at home;

6. a trial in the state the law of which will govern the action.

*Id.* at 699.

■ Things Remembered did not meet its burden of proof required to transfer the

claims. Things Remembered contends that this Court must first transfer this case to New York and that the New York Court should decide the remand issue. That proposition is without merit. Things Remembered carries the burden of proof on its motion to transfer. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217 (7th Cir. 1986) (addressing transfer under § 1404(a); *Matter of GEX Kentucky, Inc.*, 85 B.R. 431 (Bankr.N.D.Ohio 1987) (addressing transfer under § 1412). Things Remembered failed to meet its burden of proof on the "convenience of witness and parties" element. From review of the facts alleged in Things Remembered's complaint for declaratory judgment, it seems proper that the convenient forum is in Ohio. Things Remembered failed to provide the Court with any compelling facts or arguments to support its motion to transfer with respect to the "convenience" element.

Things Remembered failed to meet its burden of proof on the "interest of justice" standard. Under the myriad of factors that may be considered with respect to interests of justice, it is clear that considerations of duplication, access to proof, permitting state courts to decide state law issues, prejudice to non-moving parties, etc., weigh against transfer. Things Remembered, as movant, failed to provide the court with compelling facts in support of transfer with respect to the "interest of justice" element.

## CONCLUSION

Accordingly, the Court hereby remands this case to the state court forum for further proceedings. The Motion to Remand is granted. The Motion to Transfer is hereby denied. Each party is to bear its respective costs.

IT IS SO ORDERED.